IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JASMINE C., an individual and on behalf, of M.C., a minor and her child; ET AL., <br><br> *Plaintiffs,* <br><br> v. <br><br> DANIEL DEFENSE, LLC; DANIEL DEFENSE, INC.; OASIS OUTBACK, LLC; and DOES 1-300, <br><br> *Defendants.* | § § § § § § § § § § § § § § <br><br> CASE NO. 1:22-cv-01251-LY |

### DANIEL DEFENSE, LLC'S
### RULE 12(b)(1) MOTION TO DISMISS
### FOR LACK OF SUBJECT MATTER JURISDICTION

TO UNITED STATES DISTRICT JUDGE LEE YEAKEL:

Now comes Defendant Daniel Defense, LLC f/k/a Daniel Defense, Inc. ("Daniel Defense") and files this Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction. Daniel Defense respectfully shows the Court as follows:

### I.
### INTRODUCTION

Plaintiffs primarily plead diversity jurisdiction as the basis for the Court's subject matter jurisdiction. But Plaintiffs fail to carry their burden to plead diversity jurisdiction. Further, complete diversity cannot exist in this case because ***Plaintiffs and Defendant Oasis Outback, LLC are both citizens of Texas***. Plaintiffs cite three other federal statutes in their allegation of jurisdiction, but none of them can serve as a basis for subject matter jurisdiction. Because the Court lacks subject matter jurisdiction, it "must dismiss" the entire case. FED. R. CIV. P. 12(h)(3).

1

## II.
## BACKGROUND

**A.     Plaintiffs only sue Daniel Defense and Oasis Outback in this lawsuit.**

This lawsuit arises out of the May 24, 2022 Uvalde school shooting. Plaintiffs filed this lawsuit on November 29, 2022. Doc. 1. Plaintiffs are 26 students who were at the school (and their parents/guardians), along with two bus drivers who were also at the school. *Id.*, ¶¶ 16-41.

Plaintiffs name only two defendants in this lawsuit – Daniel Defense and Oasis Outback, LLC ("Oasis Outback"). *Id.*, ¶¶ 43-44. Plaintiffs assert separate negligence claims against each Defendant. As to Daniel Defense, Plaintiffs plead "negligence and gross negligence." *See id.*, ¶¶ 155-191 ("First Cause of Action"). As to Oasis Outback, Plaintiffs plead "negligent transfer" and "negligent sale." *See id.*, ¶¶ 192-202 ("Second Cause of Action"); ¶¶ 203-212 ("Third Cause of Action").[1] Plaintiffs request $6 billion in monetary damages. *Id.*, p. 65.

Plaintiffs have not served either Defendant. While Plaintiffs requested a summons when it filed suit, the Clerk issued a deficiency notice on December 2, 2022. Doc. 7. Plaintiffs have not attempted to either cure the deficiency or serve Defendants in the intervening two months.

**B.     Plaintiffs primarily rely on diversity jurisdiction as the basis for subject matter jurisdiction.**

Plaintiffs' allegations of jurisdiction are in Section II of their Complaint. Doc. 1, ¶¶ 13-14. They allege the Court has jurisdiction "based on diversity of citizenship." *Id.*, ¶ 13. Next, Plaintiffs also allege additional grounds for subject matter jurisdiction:

---

[1] Plaintiffs' caption refers to Defendant "Does 1-300." *Id.*, p. 2. But Plaintiffs neither identify any "Doe Defendants" in their discussion of parties (*id.*, § III – "Parties") nor do they assert any claims against any "Doe Defendants" (*id.*, § V – "Causes of Action"). Daniel Defense and Oasis Outback are the only defendants in this case.

165486

> 14. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights of the parties and to grant all further relief deemed necessary and proper, as well as authority to provide injunctive relief under Rule 65 of the Federal Rules of Civil Procedure. Lastly, this Court has authority to award costs and attorneys' fees under 42 U.S.C. §§ 1988 and 3613(c)(2).

*Id.*, ¶ 14.

As shown below, none of these statutes can serve as a basis for subject matter jurisdiction in this case.

### III.<br>THE COURT SHOULD DISMISS THIS CASE BECAUSE IT LACKS DIVERSITY JURISDICITON

**A.     The standards for Rule 12(b)(1) motions are well established.**

Federal courts are courts of limited jurisdiction and, therefore, have power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994); *see Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019) (same). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Walmart Inc. v. U.S. Dep't of Justice*, 21 F.4th 300, 307 (5th Cir. 2021) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998)). "If the court determines at any time that it lacks subject matter jurisdiction, ***the court must dismiss the action.***" FED. R. CIV. P. 12(h)(3) (emphasis added); *see Edmondson v. Cedar Park Health Sys., L.P.*, No. 1:17-CV-1030-LY, 2018 WL 4677897, at *2 (W.D. Tex. June 8, 2018), *report and recommendation adopted*, 2018 WL 4701812 (W.D. Tex. July 30, 2018) (citing Rule 12(h)(3) in granting Rule 12(b)(1) motion).

165486

A judgment or order entered in the absence of subject matter jurisdiction is void. *See Mitchell Law Firm, L.P. v. Bessie Jeanne Worthy Revocable Tr.*, 8 F.4th 417, 420 (5th Cir. 2021) (referring to "paradigmatic void judgment" when district court lacked diversity jurisdiction); *Brumfield v. Louisiana State Bd. of Educ.*, 806 F.3d 289, 298 (5th Cir. 2015) ("An order 'is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or it acted in a manner inconsistent with due process of law.'"). Stated differently, "[u]nless a federal court possesses subject matter jurisdiction over a dispute . . . any order it makes (other than an order of dismissal or remand) is void." *Shirley v. Maxicare Tex., Inc.*, 921 F.2d 565, 568 (5th Cir. 1991); *see Harden v. Field Mem'l Cmty. Hosp.*, 265 Fed. Appx. 405, 407 (5th Cir. 2008) (same); *Fira v. Chesapeake Operating, L.L.C.*, No. SA-19-CV-0040-OLG, 2020 WL 7635919, at *1 (W.D. Tex. June 19, 2020) (same).

The Court is well acquainted with the standards for dismissal under Rule 12(b)(1) which places the burden squarely on Plaintiffs to establish jurisdiction.

> The party claiming federal subject-matter jurisdiction must show that the court indeed has that jurisdiction. A federal court properly dismisses a case or claim for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the claims. In ruling on a Rule 12(b)(1) motion, the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. The trial court is "free to weigh the evidence and satisfy itself" that subject-matter jurisdiction exists.

*Andrews v. Eckhardt*, No. 1:20-CV-0608-LY-SH, 2021 WL 950668, at *2 (W.D. Tex. Mar. 12, 2021), *report and recommendation adopted*, 2021 WL 8053496 (W.D. Tex. May 14, 2021) (citations omitted); *see Sanchez v. Jaguar Land Rover N. Am., LLC*, No. 1:22-CV-00355-LY, 2022 WL 6258426, at *3 (W.D. Tex. Oct. 7, 2022) (same).

Applying these standards, the Court should dismiss Plaintiffs' lawsuit.

165486

### B. Plaintiffs fail to carry their burden to establish diversity jurisdiction, and they can never establish diversity in this case.

Plaintiffs assert diversity jurisdiction as the basis for subject matter jurisdiction both in their Complaint and in the Civil Coversheet. Doc. 1, ¶ 13; Doc. 1-1. Under Section 1332, a district court has diversity jurisdiction when the amount in controversy exceeds $75,000 and the parties are "citizens of different States." 28 U.S.C. § 1332(a). But Plaintiffs attempt to plead diversity jurisdiction fails for two reasons.

#### 1. Plaintiffs fail to plead their own citizenship.

Plaintiffs allege they all "reside in Uvalde County." Doc. 1, ¶¶ 17-41. But the standard for citizenship is not where the individual "resides" but where the individual is domiciled. As the Fifth Circuit has held, when a party asserting diversity jurisdiction only alleges the residence of a party, the party has failed to carry its burden.

> The district court based its dismissal on Monardes's failure to allege the citizenship of any of the parties. Instead, Monardes alleged that she was a "resident of the State of New Mexico" and that "Ayub . . . is a resident of El Paso, Texas and [Sotelo] is a resident of Mexico and El Paso, Texas." The district court found these allegations of the defendants; residency insufficient to establish diversity jurisdiction.
>
> "For purposes of diversity jurisdiction, the domicile of the parties, as opposed to their residence, is the key." *An allegation of residency is not sufficient for diversity jurisdiction purposes; instead, a plaintiff must allege citizenship to satisfy the requirements of § 1332(a). Because Monardes failed to allege or otherwise establish the citizenship of the defendants, the district court's dismissal for lack of diversity jurisdiction was proper.*

*Monardes v. Ayub*, 339 Fed. App'x 369, 370 (5th Cir. 2009) (citations omitted) (emphasis added); *see Simon v. Taylor*, 455 Fed. App'x 444, 446 (5th Cir. 2011) (vacating judgment for lack of subject matter jurisdiction because plaintiffs alleged residency of defendants not their citizenship); *Wells Fargo Vendor Fin. Serv., LLC v. Prime Communications, L.P.*, No. 4:16-CV-3209, 2017 WL 10237463, at *3 (S.D. Tex. Sept. 5, 2017) (dismissing case under Rule 12(b)(1) when plaintiff

5

165486

failed to affirmatively allege citizenship of parties); *see also Oceanografia S.A. de C.V. v. Olvera*, No. CV H-17-2558, 2018 WL 4334005, at *2 (S.D. Tex. June 1, 2018) (citing *Monardes* and remanding case for lack of diversity when removing defendant only alleged party's residence and not his citizenship).

Plaintiffs fail to plead that they are "citizens" of any state in their Complaint. Doc. 1, ¶¶ 17-41. Similarly, though they identify diversity jurisdiction as the basis for subject matter jurisdiction in their Civil Cover Sheet, they fail to identify the citizenship of any Plaintiff.

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plai (For Diversity Cases Only) and One Box for Defendant) | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | PTF ☐ 1 | DEF ☐ 1 Incorporated *or* Principal Place of Business In This State | PTF ☐ 4 | DE ☐ |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 Foreign Nation | ☐ 6 | ☐ |

*See* Doc. 1-1 (highlights added). In short, Plaintiffs cannot carry their burden to establish diversity jurisdiction because they fail to allege their own citizenship. Consequently, diversity of parties cannot serve as the basis for subject matter jurisdiction. *Monardes*, 339 Fed. App'x at 370.

      **2.    Assuming Plaintiffs are citizens of Texas, Oasis Outback is also a Texas citizen, precluding complete diversity.**

Daniel Defense does not doubt Plaintiffs are domiciled in Texas and, thus, are citizens of Texas for purposes of assessing diversity jurisdiction. However, even if Plaintiffs had pleaded that they were citizens of Texas, diversity jurisdiction still does not exist in this case.

Plaintiffs plead Oasis Outback "is a Texas limited liability company" with its "principal place of business" in Uvalde. Doc. 1, ¶ 44. However, the standard for citizenship of a corporation differs from that of a limited liability company as the Fifth Circuit has repeatedly explained.

> Whereas a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its

6

165486

> principal place of business," 28 U.S.C. § 1332(c)(1), "*the citizenship of a[n] LLC is determined by the citizenship of all of its members,*" So when a plaintiff chooses to sue LLC defendants in federal court, he "*must specifically allege the citizenship of every member of every LLC.*"

*Gilmore-Webster v. Bayou City Homebuyers, Inc.*, 845 Fed. App'x 329, 332 (5th Cir. 2021) (citation omitted) (emphasis added); *see Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (same).

Here, Plaintiffs do not allege the citizenship of Oasis Outback's members as they are required to do. *Gilmore-Webster*, 845 Fed. App'x at 332. But the membership of Oasis Outback is a matter of public record, and its two members are corporations organized in Texas. Accordingly, Oasis Outback is a Texas citizen.

Oasis Outback's Articles of Organization are publicly available through the Texas Secretary of State's website. Ex. 1. Oasis Outback has two members: Briscoe Ranch, Inc. and WRK, Inc. *Id.* The Articles of Incorporation for both of these corporations are also available through the same website. Briscoe Ranch, Inc. is a corporation organized under the laws of the State of Texas and is located in Uvalde. Ex. 2. WRK, Inc. is also a corporation organized under the laws of the State of Texas that is located in Uvalde. Ex. 3. Because both members of Oasis Outback are incorporated in Texas, Oasis Outback is a Texas citizen. *Gilmore-Webster*, 845 Fed. App'x at 332.

Plaintiffs fail to plead their own citizenship or that of Oasis Outback. Had they done so, it would have shown that both were citizens of Texas, and complete diversity of parties does not exist in this case. "A failure of complete diversity . . . contaminates every claim in the action." *Barragan v. Gen. Motors LLC*, 112 F. Supp. 3d 544, 550 (W.D. Tex. 2015) (quoting *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 564 (2005)). Consequently, the Court should dismiss this case for lack of complete diversity. *See Murray v. Acosta*, No. EP-21-CV-00247-FM, 2022

165486

WL 18585977, at *3 (W.D. Tex. Aug. 15, 2022) (dismissing case under Rule 12(b)(1) because plaintiff failed to show complete diversity of citizenship); *Broll v. Nat'l Asset Serv., Inc.*, No. 5:17-CV-1243-DAE, 2018 WL 11400095, at *6 (W.D. Tex. Apr. 13, 2018) (same); *Robinson v. Waco Habitat for Humanity*, No. W-17-CA-00062-RP, 2017 WL 3166845, at *2 (W.D. Tex. May 16, 2017), *report and recommendation adopted*, 2017 WL 3166681 (W.D. Tex. July 25, 2017) (dismissing claim because plaintiff "effectively concede[d] that he and Defendants are citizens of Texas").

### C. Plaintiffs' other bases for subject matter jurisdiction are inapplicable.

Plaintiffs also allege that "[p]ursuant to 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights of the parties and to grant all further relief deemed necessary and proper . . . ." Doc. 1, ¶ 14. The statute Plaintiffs refer to is the Declaratory Judgment Act. However, "the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* does not provide a federal court with an independent basis for exercising subject-matter jurisdiction." *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001); *see Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022) ("The Declaratory Judgment Act 'does not of itself confer jurisdiction on the federal courts.'"); *Serna v. City of Colorado Springs*, No. A-21-CV-00939-LY, 2022 WL 1558516, at *4 (W.D. Tex. May 17, 2022), *report and recommendation adopted*, 2022 WL 17813791 (W.D. Tex. Aug. 26, 2022) (same); *Apollo Endosurgery, Inc. v. DemeTECH Corporation*, No. A-20-CV-0219-RP, 2020 WL 5045036, at *3 (W.D. Tex. Aug. 26, 2020), *report and recommendation adopted*, 2020 WL 8678541 (W.D. Tex. Sept. 11, 2020) (same). Accordingly, Plaintiffs cannot rely on the Declaratory Judgment Act as an independent basis for subject matter jurisdiction in this case.

Finally, in their allegations of jurisdiction, Plaintiffs state the Court "has authority to award costs and attorneys' fees under 42 U.S.C. §§ 1988 and 3613(c)(2)." Doc. 1, ¶ 14. Section 1988,

"Proceedings in vindication of civil rights," is part of the Civil Rights Act (42 U.S.C. § 1981 *et seq.*). Plaintiffs, however, do not assert any civil rights claims against either Defendant; they only assert negligence claims. Doc. 1, ¶¶ 155-212. Thus, Plaintiffs cannot rely on Section 1988 as a basis for subject matter jurisdiction. Section 3613(c)(2), "Enforcement by private persons," is part of the Fair Housing Act (42 U.S.C. § 3601 *et seq.*). Plaintiffs do not allege any claims against Defendants for violations of this statute. Doc. 1, ¶¶ 155-212. Consequently, Plaintiffs also cannot rely on this statute to confer subject matter jurisdiction.

## IV.
## CONCLUSION

Diversity jurisdiction cannot serve as the basis for subject matter jurisdiction in this case. Plaintiffs fail to carry their burden and plead the citizenship of any party. And even if they had, complete diversity does not exist because Oasis Outback is a citizen of Texas. Plaintiffs failed to carry their burden and establish a basis for subject matter jurisdiction. Complete diversity does not exist here, and it contaminates the entire case. *Exxon Mobil Corp.*, 545 U.S. at 564. For these reasons, the Court should grant Daniel Defense's motion and dismiss this case.

WHEREFORE, Defendant Daniel Defense, LLC respectfully requests the Court dismiss Plaintiffs' lawsuit, in its entirety, for lack of subject matter jurisdiction.[2]

    Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
E-mail: dprichard@prichardyoungllp.com

David R. Montpas
State Bar No. 00794324
E-mail: dmontpas@prichardyoungllp.com

---

[2] If the Court determines it has subject matter jurisdiction over this case, Daniel Defense reserves the right to move to dismiss all of Plaintiffs' claims against it, for failure to state a claim, based on the Protection of Lawful Commerce in Arms Act (15 U.S.C. § 7901 *et seq.*).

9

165486

Prichard Young, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]

*COUNSEL FOR DEFENDANT,*
*DANIEL DEFENSE, LLC F/K/A*
*DANIEL DEFENSE, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February 2023, I served the following counsel of record through electronic service as authorized by the Federal Rules of Civil Procedure:

Charles A. Bonner
A. Cabral Bonner
LAW OFFICES OF BONNER & BONNER
475 Gate Five Rd., Suite 211
Sausalito, CA 94965

Victor Bonner
THE BONNER LAW FIRM, P.C.
4820 Old Spanish Trail
Houston, TX 77021

Jose Angel Gutierrez
WINSTEAD P.C.
2778 N. Harwood St., Suite 500
Dallas, TX 75201

Jerry Evans
EVANS LAW OFFICE, PPLC
127 N. West Street
Uvalde, TX 78801

Jesse Ryder
RYDER LAW FIRM
6739 Myers Road
E. Syracuse, NY 13057

*/s/ David M. Prichard*
David M. Prichard

165486