IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| JASMINE C., an individual and on behalf, of M.C., a minor and her child; ET AL., | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CASE NO. 2:23-cv-00014-AM |
| DANIEL DEFENSE, LLC; DANIEL DEFENSE, INC.; OASIS OUTBACK, LLC; and DOES 1-300, | § § § § | |
| *Defendants.* | § § | |

**DANIEL DEFENSE, LLC'S
AMENDED RULE 12(b)(1) MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

TO CHIEF UNITED STATES DISTRICT JUDGE ALIA MOSES:

Now comes Defendant Daniel Defense, LLC f/k/a Daniel Defense, Inc. ("Daniel Defense") and files this Amended Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction. Daniel Defense respectfully shows the Court as follows:

**I.
INTRODUCTION**

This Court lacks subject matter jurisdiction for three primary reasons. ***First***, Plaintiffs failed to establish jurisdiction in their Original Complaint. Plaintiffs pleaded diversity jurisdiction under 28 U.S.C. § 1332(a), but Plaintiffs and Defendant Oasis Outback are both Texas citizens. *See* Section III(B), *infra*. ***Second***, in response to Daniel Defense's original Rule 12(b)(1) motion, Plaintiffs filed their Amended Complaint and dropped diversity jurisdiction under Section 1332(a) in favor of jurisdiction based on the Class Action Fairness Act (the "CAFA") under Section 1332(d). But as the Fifth Circuit has repeatedly held, if subject matter jurisdiction does not exist

1

at the time suit was first filed, that defect cannot be cured with an amended complaint. *See* Section III(C), *infra*. **Third**, even if subject matter jurisdiction could be created by amendment, Plaintiffs' Amended Complaint fails in this regard. Plaintiffs' attempt to plead a "class action" under Section 1332(d)(2) of the CAFA is barred by the "local controversy exception." Nor can Plaintiffs plead a "mass action" under Section 1332(d)(11) because that only applies to removed cases, and such an action is also barred by the "local single event exclusion." *See* Section III(D), *infra*.

Because the Court lacks subject matter jurisdiction, it "must dismiss" the entire case. FED. R. CIV. P. 12(h)(3).

## II.
## BACKGROUND

### A.   Plaintiffs primarily asserted diversity jurisdiction as the basis for subject matter jurisdiction in their Original Complaint.

This lawsuit arises out of the May 24, 2022 Uvalde school shooting. Plaintiffs filed this lawsuit on November 29, 2022 in the Austin Division. Doc. 1. Plaintiffs were originally 26 students who were at the school (and their parents/guardians), along with two bus drivers who were also at the school. *Id.*, ¶¶ 16-41.

Plaintiffs named only two defendants in this lawsuit – Daniel Defense and Oasis Outback, LLC ("Oasis Outback"). *Id.*, ¶¶ 43-44. Plaintiffs asserted separate negligence claims against each Defendant. As to Daniel Defense, Plaintiffs pleaded "negligence and gross negligence." *See id.*, ¶¶ 155-191 ("First Cause of Action"). As to Oasis Outback, Plaintiffs pleaded "negligent transfer" and "negligent sale." *See id.*, ¶¶ 192-202 ("Second Cause of Action"); ¶¶ 203-212 ("Third Cause of Action").[1] Plaintiffs requested $6 billion in monetary damages. *Id.*, p. 65.

---

[1] Plaintiffs' caption refers to Defendant "Does 1-300." *Id.*, p. 2. But Plaintiffs neither identify any "Doe Defendants" in their discussion of parties (*id.*, § III – "Parties") nor do they assert any claims against any "Doe Defendants" (*id.*, § V – "Causes of Action"). Daniel Defense and Oasis Outback are the only defendants in this case. This same issue is also found in the Amended Complaint. Doc. 14, p. 2 and ¶¶ 52-53.

2

165584

Plaintiffs' original jurisdictional allegations are in Section II of their complaint.  Doc. 1, ¶¶ 13-14.  They alleged the Court has jurisdiction "based on diversity of citizenship" under 28 U.S.C. § 1332(a).  *Id.*, ¶ 13.  Next, Plaintiffs purported to raise additional grounds for subject matter jurisdiction:

> 14.     Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights of the parties and to grant all further relief deemed necessary and proper, as well as authority to provide injunctive relief under Rule 65 of the Federal Rules of Civil Procedure. Lastly, this Court has authority to award costs and attorneys' fees under 42 U.S.C. §§ 1988 and 3613(c)(2).

*Id.*, ¶ 14.

### B.     Daniel Defense filed their original Rule 12(b)(1) Motion to Dismiss, and Plaintiffs then amended their complaint, abandoning jurisdiction under 28 U.S.C. § 1332(a) and, instead, alleged jurisdiction under the CAFA.

Daniel Defense filed its original Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction on February 17, 2023.  Doc. 11.  Five days later, Plaintiffs filed their Amended Complaint.  Doc. 14.  Plaintiffs made four principal changes to their complaint.  *First*, Plaintiffs now seek to assert a "class/mass action" purporting to raise claims on behalf of "(1) students, teachers and support staff who were located within the perimeter of Robb Elementary school's campus on May 24, 2022 and (2) the students' parents regardless of their location on May 24, 2022." Doc. 14, ¶¶ 12, 179.  *Second*, additional named plaintiffs were added.  *Id.*, ¶¶ 41-50.  *Third*, Plaintiffs added a claim for negligence per se against Daniel Defense.  *See id.*, ¶¶ 204-211 ("Second Cause of Action").  *Fourth*, Plaintiffs abandoned their assertion that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and now allege it has jurisdiction under 28 U.S.C. § 1332(d)(2) –the CAFA.  *Compare* Doc. 1, ¶ 13 *with* Doc. 14, ¶ 12.

165584

On March 1, 2023, the case was transferred from the Austin Division to the Del Rio Division.  Doc. 19.

### III.
### THE COURT SHOULD DISMISS THIS CASE
### BECAUSE IT LACKS SUBJECT MATTER JURISDICTION

**A.** **The standards for Rule 12(b)(1) motions are well established.**

Federal courts are courts of limited jurisdiction and, therefore, have power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution.  *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994); *see Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019) (same).  "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'"  *Walmart Inc. v. U.S. Dep't of Justice*, 21 F.4th 300, 307 (5th Cir. 2021) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998)).  "If the court determines at any time that it lacks subject matter jurisdiction, ***the court must dismiss the action.***"  FED. R. CIV. P. 12(h)(3) (emphasis added); *see Edmondson v. Cedar Park Health Sys., L.P.*, No. 1:17-CV-1030-LY, 2018 WL 4677897, at *2 (W.D. Tex. June 8, 2018), *report and recommendation adopted*, 2018 WL 4701812 (W.D. Tex. July 30, 2018) (citing Rule 12(h)(3) in granting Rule 12(b)(1) motion).

A judgment or order entered in the absence of subject matter jurisdiction is void.  *See Mitchell Law Firm, L.P. v. Bessie Jeanne Worthy Revocable Tr.*, 8 F.4th 417, 420 (5th Cir. 2021) (referring to "paradigmatic void judgment" when district court lacked diversity jurisdiction); *Brumfield v. Louisiana State Bd. of Educ.*, 806 F.3d 289, 298 (5th Cir. 2015) ("An order 'is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or it acted in a manner inconsistent with due process of law.'").  Stated differently, "[u]nless a federal court possesses subject matter jurisdiction over a dispute . . . any order it makes (other than an order of dismissal or remand) is void."  *Shirley v. Maxicare Tex., Inc.*, 921 F.2d 565, 568 (5th Cir.

1991); *see Harden v. Field Mem'l Cmty. Hosp.*, 265 F. Appx. 405, 407 (5th Cir. 2008) (same); *Fira v. Chesapeake Operating, L.L.C.*, No. SA-19-CV-0040-OLG, 2020 WL 7635919, at *1 (W.D. Tex. June 19, 2020) (same).

The Court is well acquainted with the standards for dismissal under Rule 12(b)(1) which places the burden squarely on Plaintiffs to establish jurisdiction.

> The party claiming federal subject-matter jurisdiction must show that the court indeed has that jurisdiction.  A federal court properly dismisses a case or claim for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the claims.  In ruling on a Rule 12(b)(1) motion, the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts.  The trial court is "free to weigh the evidence and satisfy itself" that subject-matter jurisdiction exists.

*Andrews v. Eckhardt*, No. 1:20-CV-0608-LY-SH, 2021 WL 950668, at *2 (W.D. Tex. Mar. 12, 2021), *report and recommendation adopted*, 2021 WL 8053496 (W.D. Tex. May 14, 2021) (citations omitted); *see Sanchez v. Jaguar Land Rover N. Am., LLC*, No. 1:22-CV-00355-LY, 2022 WL 6258426, at *3 (W.D. Tex. Oct. 7, 2022) (same).

Applying these standards, the Court should dismiss Plaintiffs' lawsuit.

**B.     Plaintiffs' Original Complaint failed to establish subject matter jurisdiction.**

**1.     Plaintiffs failed to establish diversity jurisdiction under Section 1332(a).**

Plaintiffs asserted diversity jurisdiction as the basis for subject matter jurisdiction both in their Original Complaint and in their Civil Coversheet.  Doc. 1, ¶ 13; Doc. 1-1.  Under Section 1332, a district court has diversity jurisdiction when the amount in controversy exceeds $75,000 and the parties are "citizens of different States."  28 U.S.C. § 1332(a).  But Plaintiffs failed to plead diversity jurisdiction for two reasons.

**a.     Plaintiffs failed to plead their own citizenship.**

165584

Plaintiffs alleged they all "reside in Uvalde County."  Doc. 1, ¶¶ 17-41.  But the standard for citizenship is not where the individual "resides" but where the individual is domiciled.  As the Fifth Circuit has held, when a party asserting diversity jurisdiction only alleges the residence of a party, the party has failed to carry its burden.

> The district court based its dismissal on Monardes's failure to allege the citizenship of any of the parties. Instead, Monardes alleged that she was a "resident of the State of New Mexico" and that "Ayub . . . is a resident of El Paso, Texas and [Sotelo] is a resident of Mexico and El Paso, Texas." The district court found these allegations of the defendants; residency insufficient to establish diversity jurisdiction.

> "For purposes of diversity jurisdiction, the domicile of the parties, as opposed to their residence, is the key." ***An allegation of residency is not sufficient for diversity jurisdiction purposes; instead, a plaintiff must allege citizenship to satisfy the requirements of § 1332(a). Because Monardes failed to allege or otherwise establish the citizenship of the defendants, the district court's dismissal for lack of diversity jurisdiction was proper.***

*Monardes v. Ayub*, 339 F. App'x 369, 370 (5th Cir. 2009) (citations omitted) (emphasis added); *see Simon v. Taylor*, 455 F. App'x 444, 446 (5th Cir. 2011) (vacating judgment for lack of subject matter jurisdiction because plaintiffs alleged residency of defendants not their citizenship); *Wells Fargo Vendor Fin. Serv., LLC v. Prime Communications, L.P.*, No. 4:16-CV-3209, 2017 WL 10237463, at *3 (S.D. Tex. Sept. 5, 2017) (dismissing case under Rule 12(b)(1) when plaintiff failed to affirmatively allege citizenship of parties).

Plaintiffs failed to plead that they are "citizens" of any state in their Original Complaint. Doc. 1, ¶¶ 17-41.  Similarly, though they identified diversity jurisdiction as the basis for subject matter jurisdiction in their Civil Cover Sheet, they failed to identify the citizenship of any Plaintiff.

*See* Doc. 1-1 (highlights added).  In short, Plaintiffs did not carry their burden to establish diversity jurisdiction because they failed to allege their own citizenship in the Original Complaint. Consequently, diversity of parties could not have served as the basis for subject matter jurisdiction. *Monardes*, 339 F. App'x at 370.

> **b.  Assuming Plaintiffs are citizens of Texas, Oasis Outback is also a Texas citizen, precluding complete diversity.**

Daniel Defense does not doubt Plaintiffs are domiciled in Texas and, thus, are citizens of Texas for purposes of assessing diversity jurisdiction.  However, even if Plaintiffs had pleaded that they were citizens of Texas, diversity jurisdiction under Section 1332(a) still does not exist in this case.

Plaintiffs alleged Oasis Outback "is a Texas limited liability company" with its "principal place of business" in Uvalde.  Doc. 1, ¶ 44.[2]  However, the standard for citizenship of a corporation differs from that of a limited liability company as the Fifth Circuit has repeatedly explained.

> Whereas a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), ***the citizenship of a[n] LLC is determined by the citizenship of all of its members,"* So when a plaintiff chooses to sue LLC defendants in federal court, he "must specifically allege the citizenship of every member of every LLC."***

---

[2] Plaintiffs make the same allegation in their Amended Complaint.  Doc. 14, ¶ 53.

165584

*Gilmore-Webster v. Bayou City Homebuyers, Inc.*, 845 F. App'x 329, 332 (5th Cir. 2021) (citation omitted) (emphasis added); *see Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (same).

Here, Plaintiffs did not allege the citizenship of Oasis Outback's members as they were required to do. *Gilmore-Webster*, 845 F. App'x at 332. But the membership of Oasis Outback is a matter of public record, and its two members are corporations organized in Texas. Oasis Outback's Articles of Organization are publicly available through the Texas Secretary of State's website. Ex. 1. Oasis Outback has two members: Briscoe Ranch, Inc. and WRK, Inc. *Id.* The Articles of Incorporation for both of these corporations are also available through the same website. Briscoe Ranch, Inc. is a corporation organized under the laws of the State of Texas and is located in Uvalde. Ex. 2. WRK, Inc. is also a corporation organized under the laws of the State of Texas that is located in Uvalde. Ex. 3. Because both members of Oasis Outback are incorporated in Texas, Oasis Outback is a Texas citizen. *Gilmore-Webster*, 845 F. App'x at 332.

Plaintiffs failed to plead their own citizenship or that of Oasis Outback. Had they done so, it would have shown that both are citizens of Texas, and complete diversity of parties does not exist in this case. "A failure of complete diversity . . . contaminates every claim in the action." *Barragan v. Gen. Motors LLC*, 112 F. Supp. 3d 544, 550 (W.D. Tex. 2015) (quoting *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 564 (2005)). Consequently, the Original Complaint was subject to dismissal. *See Murray v. Acosta*, No. EP-21-CV-00247-FM, 2022 WL 18585977, at *3 (W.D. Tex. Aug. 15, 2022) (dismissing case under Rule 12(b)(1) because plaintiff failed to show complete diversity of citizenship); *Broll v. Nat'l Asset Serv., Inc.*, No. 5:17-CV-1243-DAE, 2018 WL 11400095, at *6 (W.D. Tex. Apr. 13, 2018) (same); *Robinson v. Waco Habitat for Humanity*, No. W-17-CA-00062-RP, 2017 WL 3166845, at *2 (W.D. Tex. May 16, 2017), *report*

165584

*and recommendation adopted*, 2017 WL 3166681 (W.D. Tex. July 25, 2017) (dismissing claim because plaintiff "effectively concede[d] that he and Defendants are citizens of Texas").

### 2.   Plaintiffs' other bases for subject matter jurisdiction in their Original Complaint are inapplicable.

Plaintiffs also alleged that "[p]ursuant to 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction to declare the rights of the parties and to grant all further relief deemed necessary and proper . . . ." Doc. 1, ¶ 14. The statute Plaintiffs refer to is the Declaratory Judgment Act. However, "the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, does not provide a federal court with an independent basis for exercising subject-matter jurisdiction." *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001).[3] Accordingly, Plaintiffs cannot rely on the Declaratory Judgment Act as an independent basis for subject matter jurisdiction in this case.

Finally, Plaintiffs also alleged the Court "has authority to award costs and attorneys' fees under 42 U.S.C. §§ 1988 and 3613(c)(2)" as a basis for subject matter jurisdiction. Doc. 1, ¶ 14. Section 1988, "Proceedings in vindication of civil rights," is part of the Civil Rights Act (42 U.S.C. § 1981 *et seq.*). Plaintiffs, however, did not assert any civil rights claims against either Defendant; they only asserted negligence claims. Doc. 1, ¶¶ 155-212. Thus, Plaintiffs could not rely on Section 1988 as a basis for subject matter jurisdiction. Section 3613(c)(2), "Enforcement by private persons," is part of the Fair Housing Act (42 U.S.C. § 3601 *et seq.*). Plaintiffs did not

---

[3] *See Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022) ("The Declaratory Judgment Act 'does not of itself confer jurisdiction on the federal courts.'"); *Serna v. City of Colorado Springs*, No. A-21-CV-00939-LY, 2022 WL 1558516, at *4 (W.D. Tex. May 17, 2022), *report and recommendation adopted*, 2022 WL 17813791 (W.D. Tex. Aug. 26, 2022) (same); *Apollo Endosurgery, Inc. v. DemeTECH Corporation*, No. A-20-CV-0219-RP, 2020 WL 5045036, at *3 (W.D. Tex. Aug. 26, 2020), *report and recommendation adopted*, 2020 WL 8678541 (W.D. Tex. Sept. 11, 2020) (same).

allege any claims against Defendants for violations of this statute.   Doc. 1, ¶¶ 155-212.
Consequently, Plaintiffs also could not rely on this statute to confer subject matter jurisdiction.[4]

     With their Original Complaint, ***Plaintiffs never established subject matter jurisdiction***.
This is a critical defect to Plaintiffs' lawsuit because lack of subject matter jurisdiction cannot be
cured with a pleading amendment.

### C.    Plaintiffs cannot create subject matter jurisdiction by amending their complaint.

     Recognizing they failed to establish subject matter jurisdiction with their Original
Complaint, Plaintiffs filed their Amended Complaint alleging a new basis for jurisdiction –class
action diversity under the CAFA– after Daniel Defense filed its original dismissal motion.   Doc.
14, ¶ 12.   But, as a matter of law, pleading amendments ***cannot*** confer jurisdiction on district courts
when jurisdiction was absent when the case was first filed.

     "'Although 28 U.S.C. § 1653 and [Rule] 15(a) allow amendments to cure defective
jurisdictional allegations, ***these rules do not permit the creation of jurisdiction when none existed
at the time the original complaint was filed***' or removed." *Camsoft Data Sys., Inc. v. S. Elecs.
Supply, Inc.*, 756 F.3d 327, 337 (5th Cir. 2014) (quoting *Arena v. Graybar Elec. Co., Inc.,* 669
F.3d 214, 218 (5th Cir. 2012)) (emphasis added).   "That is, an amendment may remedy
jurisdictional problems of the 'technical' or 'formal' variety, but it may not 'create an entirely new
jurisdictional basis to provide competence in a court which lacked authority over the case ab
initio.'"   *In re Katrina Canal Breaches Litig.*, 342 F. App'x 928, 931 (5th Cir. 2009) (citation
omitted).   Underscoring this issue, "federal jurisdiction under the statutory provision of the CAFA

---

[4] Plaintiffs' Amended Complaint still alleges that jurisdiction exists under 28 U.S.C. §§ 2201 and 2202, and 48 U.S.C.
§§ 1988 and 3613(c)(2) (Doc. 14, ¶ 13), and these allegations fail for the reasons Daniel Defense has explained.

is explicitly concerned with the status of an action when filed—not how it subsequently evolves." *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 639 (5th Cir. 2014).

District courts will dismiss amended complaints when the original complaint failed to establish subject matter jurisdiction. *See XO Energy LLC v. Liang Benny Zhao*, No. 4:15-CV-599, 2015 WL 5332348, at *2 (S.D. Tex. Sept. 14, 2015) (dismissing claim for lack of subject matter jurisdiction and stating because "this case was originally brought under diversity jurisdiction— later, Plaintiffs amended the complaint to add a claim for relief under the CFAA and assert federal question jurisdiction—this Court can only consider diversity of parties as a basis for jurisdiction"); *see also Queens Mobile Home Cmty. v. JP EL Paso I, LLC*, No. EP-15-CV-00298-FM, 2016 WL 11582359, at *1 (W.D. Tex. Feb. 2, 2016) (remanding case, citing *Katrina Canal*, and stating, "although Plaintiffs have since filed their Amended Complaint, the court finds it does not correct the jurisdictional flaws in the Original Petition").

Plaintiffs failed to establish subject matter jurisdiction in their Original Complaint. They cannot create subject matter jurisdiction by amending their complaint by adding an entirely new jurisdictional basis (the CAFA). *Camsoft Data Sys., Inc.*, 756 F.3d at 337. Accordingly, the Court should dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction. *XO Energy LLC*, 2015 WL 5332348, at *2.

### D.    Plaintiffs cannot rely on the CAFA to establish subject matter jurisdiction.

Even if subject matter jurisdiction could be created via a pleading amendment (it cannot), with their Amended Complaint Plaintiffs still fail to establish subject matter jurisdiction. Plaintiffs now attempt to rely on Section 1332(d)(2) –the CAFA– which grants district courts original jurisdiction in certain class action lawsuits. *See* Doc. 14, ¶ 12 (citing Section 1332(d)(2)). However, Section 1332(d)(4) states "a district court ***shall decline to exercise jurisdiction***" under paragraph (d)(2):

**(A)**   **(i)** over a class action in which--

    **(I)**   greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

    **(II)**   at least 1 defendant is a defendant--

        **(aa)**   from whom significant relief is sought by members of the plaintiff class;

        **(bb)**   whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

        **(cc)**   who is a citizen of the State in which the action was originally filed; and

    **(III)**   principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

**(ii)**   during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

**(B)**   two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C § 1332(d)(4) (emphasis added).

Section 1332(d)(4)(A) is known as the "local controversy exception," and Section 1332(d)(4)(B) is known as the "home state exception."  *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569–70 (5th Cir. 2011).  "CAFA requires federal courts to decline jurisdiction over a proposed class action" if either exception applies.  *Id.*  The "local controversy exception" applies here, precluding the exercise of jurisdiction under Section 1332(d)(4).

    **1.**   **The "local controversy exception" applies.**

12

165584

The local controversy exception is "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state." *Hollinger*, 654 F.3d at 570 (quoting *Hart v. FedEx Ground Package Sys., Inc.,* 457 F.3d 675, 682 (7th Cir. 2006)).  For example, "Hurricane Katrina . . . symbolizes a quintessential example of Congress' intent to carve-out exceptions to the CAFA's expansive grant of federal jurisdiction when our courts confront a truly localized controversy." *Preston v. Tenet Healthsystem Mem'l Med. Ctr. Inc.*, 485 F.3d 804, 823 (5th Cir. 2007).  And, "[j]ust because the nation takes interest in Hurricane Katrina does not mean that the legal claims at issue in this class action lawsuit qualify as national or interstate interest." *Id.* at 822.  Here, the local controversy is centered in Uvalde, Texas.

Summarily stated, under the local controversy exception, a federal district court "shall decline to exercise jurisdiction" where a case satisfies four requirements: (1) more than two-thirds of the proposed class members are citizens of the state where the action was filed, (2) at least one defendant is a significant defendant, (3) the principal injuries were incurred in the State in which the action was originally filed, and (4) in the three years preceding the filing of the class action, no other class action has been filed "asserting the same or similar factual allegations against any of the defendants[.]"  28 U.S.C. § 1332(d)(4)(A).  All four elements are satisfied here.

a.    **At least two-thirds of the proposed class members reside in Texas, the State in which this action was originally filed.**

For purposes of establishing citizenship in diversity actions, "the state where someone establishes his domicile serves a dual function as his state of citizenship." *Hollinger*, 654 F.3d at 571.  And once established, a person's state of domicile continues unless rebutted with sufficient evidence of change. *Id.*  Furthermore, for CAFA actions, "the evidentiary standard for establishing the domicile of more than one hundred plaintiffs must be based on practicality and

13

reasonableness." *Preston*, 485 F.3d at 813.  Plaintiffs originally filed this action in Texas.  *See* Doc. 1.  In this case, at least two-thirds of the class are citizens of Texas for three reasons.

   *First*, "the crux of this case revolves around a narrowly defined class and claims stemming from a localized chain of events." *Preston*, 485 F.3d at 821 (finding district court made a reasonable assumption regarding class citizenship in such circumstances).  Amending their complaint, Plaintiffs now seek to bring a class action on behalf of "(1) students, teachers and support staff who were located within the perimeter of Robb Elementary school's campus on May 24, 2022 and (2) the students' parents regardless of their location on May 24, 2022."  Doc. 14., ¶ 179.  Given the highly localized nature of Plaintiffs' alleged claims and proposed class definition, the class's Texas citizenship may be readily inferred.

   *Second*, Plaintiffs' Amended Complaint effectively demonstrates, on its face, that at least two-thirds of the putative class are Texas citizens.  Again, Plaintiffs identify the class as composing of: (1) students, teachers, and staff located within the school, and (2) the students' parents, regardless of location.  Doc. 14, ¶ 179.  To attend a public school like Robb Elementary, students must either live in the district and have one parent or guardian who lives in the district or have at least one parent or guardian that lives in the district.   TEX. EDUC. CODE § 25.001(b).  Even if a student only had only one parent or guardian domiciled in Texas, then seventy-five percent of this group would be domiciled in Texas.  That percentage would then be increased by teachers and staff who necessarily have to be domiciled in Texas to work at the school.  Plainly, more than two-thirds of putative class are citizens of Texas.

   *Third*, the discrete nature of the class means that "a common sense presumption should be utilized in determining whether citizenship requirements have been met." *Hollinger*, 654 F.3d at 573.  Common sense dictates that the Robb Elementary students, parents, and support staff, are citizens of Texas, where the school is located. *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996)

14

165584

(factors for determining a litigant's domicile include where a litigant "has places of … employment" and "maintains a home for his family").  There is little reason to suspect that more than a handful of the purported class are possibly citizens of a state other than Texas.  Uvalde is located hundreds of miles from New Mexico, Oklahoma, or Louisiana.[5]  Again, it is also well-known that school attendance is primarily premised on living in the school district.  *See* TEX. EDUC. CODE § 25.001(b).  Robb Elementary is located within Uvalde's Consolidated Independent School District, Doc. 14, ¶ 2, which in turn is located in Uvalde.[6]

For these reasons, there can be no doubt that well over two-thirds of the class members are citizens of Texas.  Section 1332(d)(4)(A)(i)(I) is satisfied in this case.

### b.      Oasis Outback is a "significant defendant."

The CAFA's local controversy exception is applicable where at least one defendant "from whom significant relief is sought" and "whose alleged conduct forms a significant basis for the claims" is "a citizen of the state in which the action was originally filed."  28 U.S.C. § 1332(d)(4)(A)(i)(II).  Courts refer to such defendants as a "significant defendant."  *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1160 (11th Cir. 2021).  Here, Oasis Outback is a significant defendant.

### i.      Plaintiffs seek "significant relief" from Oasis Outback because it is allegedly "equally responsible" for six billion dollars of damages.

To establish that "significant relief" is sought, a party need not show that significant relief can be obtained, rather, they need only show that such relief is ***sought*** from the local defendant.  *Smith,* 991 F.3d at 1161; *see Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1244

---

[5] This Court may take judicial notice of the location of any incorporated city.  *See Weaver v. United States,* 298 F.2d 496, 499 (5th Cir. 1962).

[6] *See* https://www2.census.gov/geo/maps/DC2020/PL20/st48_tx/schooldistrict_maps/c48463_uvalde/DC20SD_C48463.pdf (last accessed February 27, 2023).

(10th Cir. 2009) (local controversy exception looks to defendants from whom significant relief is "sought").  Courts within the Fifth Circuit have previously found that "significant relief" is sought against a local defendant where, at an early stage of litigation "it is impossible to say whether the damages sought from [the local defendant] are insignificant compared to the damages sought from [the foreign defendant]."  *Joseph v. Unitrin, Inc.*, No. CIV. A. 1:08-CV-077, 2008 WL 3822938, at *8 (E.D. Tex. Aug. 12, 2008) (quotation marks omitted) (quoting *Phillips v. Severn Trent Environmental Servs., Inc.*, No. CIV.A. 07-3889, 2007 WL 2757131, at *3 (E.D. La. Sept. 19, 2007)).

Here, Plaintiffs seek significant relief from Oasis Outback.  In their Amended Complaint, Plaintiffs seek *six billion dollars* in damages from the Defendants.  Doc. 14, p. 71.  While Plaintiffs do not specify what amount they seek from each respective Defendant, they do allege that Oasis Outback is "equally responsible" for the damages suffered by Plaintiffs.  Doc. 14, ¶ 8. Accordingly, there is no basis to claim that the relief sought against Oasis Outback is insignificant in comparison to that sought from Daniel Defense. Thus, this Court should find that Plaintiffs seek significant relief from Oasis Outback.

### ii.     Oasis Outback's alleged conduct forms a "significant basis" of all claims asserted because its conduct is integral to each claim.

The local controversy exception does not require "the local defendant's alleged conduct form a basis of *each* claim asserted; it requires the alleged conduct to form a *significant basis* of all the claims asserted."  *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 156 (3d Cir. 2009) (emphasis added).  Nor does the exception require that every claim be asserted against the significant defendant. As the Third Circuit stated in *Kaufman*:

> While assessing the quantity of claims based on the local defendant's alleged conduct may be useful to the analysis, the significant basis provision does not establish an absolute quantitative requirement. Nor is it necessary to imply such a quantitative requirement to make sense of the [local controversy exception], for a party's conduct may form a significant basis for an entire set of claims even if some claims within the set are not based on that conduct.

*Kaufman*, 561 F.3d at 156. Instead, if the local defendant's alleged conduct is a "significant part" of the alleged conduct, then the significant basis provision is satisfied. *Id.* Here, that standard is satisfied because Plaintiffs allege that Daniel Defense and Oasis Outback are "equally responsible" for Plaintiffs' damages. *See, e.g.,* Doc. 14, ¶¶ 8, 189-232. Further, Plaintiffs' allegations against Oasis Outback form a significant portion of the allegations of the Complaint and constitute half of Plaintiffs' claims for relief. *See generally* Doc. 14; ¶¶ 212-232. Oasis Outback's alleged conduct forms a significant basis of the Plaintiffs' claims.

### iii. Oasis Outback is a citizen of the State of Texas because both of its members are citizens of the State of Texas.

As shown in Section III(B)(1)(b), *supra*, Oasis Outback is a citizen of Texas because both of its members are Texas corporations. Accordingly, all elements of Section 1332(d)(4)(A)(i)(II) are satisfied in this case.

### c. The principal injuries alleged in the Amended Complaint were all incurred in Texas.

Section 1332(d)(4)(A)(i)(III) requires that the "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed[.]" Here, the injuries resulting from the alleged conduct indisputably occurred in Uvalde in the state where this action was originally filed.

165584

Plaintiffs' Amended Complaint asserts claims and injuries that arise from the tragic Uvalde school shooting.  *See* Doc. 14, ¶ 14 (stating "the events and omissions giving rise to Plaintiffs' claims occurred within [the state of Texas]"); *see also* ¶¶ 2, 15-51, 113-175 (stating repeatedly that Plaintiffs' claims arise from the shooting in Uvalde, Texas, and that the related injuries also occurred in Uvalde, Texas).  And, because the action was originally filed in Texas, *see* Doc. 1, the principal injury prong in Section 1332(d)(4)(A)(i)(III) is satisfied.

### d.    No class action has been filed against either Defendant asserting the same or similar factual allegations in the past three years.

Finally, the local controversy exception applies where in the three years preceding the filing of the class action, no other class action was filed "asserting the same or similar factual allegations against any of the defendants[.]"  28 U.S.C. § 1332(d)(4)(A)(ii).  No class action asserting remotely similar factual allegations has ever been filed against Daniel Defense. Likewise, upon information and belief, no class action of any kind has ever been filed against Oasis Outback.  Section 1332(d)(4)(A)(ii) is satisfied in this case.

All elements of the local controversy exception under Section 1332(d)(4)(A) are satisfied. The Court, therefore, is precluded from exercising jurisdiction under Section 1332(d)(4).  *See ACME Iron & Metal Co. v. Republic Waste Services of Tex., Ltd.*, No. 6:14-CV-045-C, 2015 WL 13106328, at *2 (N.D. Tex. Aug. 26, 2015) (remanding case to state court for lack of subject matter jurisdiction, in part, because local controversy exception was satisfied); *Rasberry v. Capitol Cnty. Mut. Fire. Ins. Co.*, 609 F. Supp. 2d 594, 605–06 (E.D. Tex. 2009) (declining to exercise jurisdiction under the CAFA because local controversy exception applied).  Consequently, even if Plaintiffs could cure the complete absence of subject matter jurisdiction in their Original Complaint via a pleading amendment, Plaintiffs have still failed to establish subject matter jurisdiction in this case because CAFA jurisdiction is unavailable here.

165584

    2.       **Plaintiffs cannot assert a "mass action," under Section 1332(d)(11), as a matter of law.**

In addition to attempting to plead a class action under Section 1332(d)(2), Plaintiffs alternatively "reserve the right to designate their action as a mass action . . . ." Doc. 1, ¶ 180. While Section 1332(d)(2) concerns class actions, "mass actions" are a subset of class actions found in Section 1332(d)(11).  But Plaintiffs cannot assert a mass action for two reasons.

First, this case cannot qualify as a "mass action" because Section 1332(d)(11) states "a mass action shall be deemed to be a class action ***removabl**e* under paragraphs (2) through (1) if it otherwise meets the provisions of those paragraphs."  28 U.S.C. § 1332(d)(11)(A) (emphasis added).  Thus, to qualify as a mass action, it must first be filed in state court and then removed to federal court.  *See Hamilton v. Burlington N. Santa Fe Ry. Co.*, No. A-08-CA-129-SS, 2008 WL 8148619, at *2 (W.D. Tex. Aug. 8, 2008) (stating that "'mass action' provision . . . ***allows removal*** of any case" that meets the definition of a mass action) (emphasis added); *see also Boulanger v. Devlar Energy Mktg., LLC*, No. 3:15-CV-3032-B, 2015 WL 7076475, at *6 (N.D. Tex. Nov. 13, 2015) (noting that qualifying mass action cases are removed to federal court).  Plaintiffs originally filed this action in the Austin Division not in state court.  Doc. 1.  Because the suit was not removed, it cannot be deemed to be a "mass action."

Second, "the term 'mass action' shall not include any civil action in which . . . all of the claims in the action arise from ***an event or occurrence in the State*** in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State[.]"  28 U.S.C. § 1332(d)(11)(B)(ii) (emphasis added).  This is known as the "local single event exclusion." *Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*, 760 F.3d 405, 408 (5th Cir. 2014).  "Because the statute does not define 'an event or occurrence,' [courts] look to the ordinary meaning of those words."  *Id.* at 409.  Thus, the exception applies where "the single event or occurrence happens at

a discrete moment in time," and also where "the single event or occurrence . . . [is] a pattern of conduct in which the pattern is consistent in leading to a single focused event that culminates in the basis of the asserted liability." *Id.* at 412.

Plaintiffs assert claims and injuries that arise from the Uvalde school shooting. *See* Doc. 14, ¶ 14  (stating "the events and omissions giving rise to Plaintiffs' claims occurred within [the state of Texas]"); *see also id.,*  ¶¶ 2, 15-51, 113-175 (stating repeatedly that Plaintiffs' claims arise from the shooting in Uvalde, and that the related injuries also occurred in Uvalde).  The shooting was a single event that occurred at a discrete moment in time.  Accordingly, the local single event exclusion applies and, thus, Plaintiffs may not assert jurisdiction based on a mass action.

## IV.
## CONCLUSION

Plaintiffs failed to establish subject matter jurisdiction with their Original Complaint, and they cannot create jurisdiction by amending their complaint.  However, even if Plaintiffs could manufacture jurisdiction by amendment, their Amended Complaint fails to do so.  Plaintiffs cannot assert a class action under Section 1332(d)(2) because it is barred by the local controversy exception.  Nor can Plaintiffs allege a mass action because that applies to removed cases and would also be barred by the local single event exclusion.  Because this Court lacks subject matter jurisdiction, it "must dismiss the action." FED. R. CIV. P. 12(h)(3).

WHEREFORE, Defendant Daniel Defense, LLC respectfully requests the Court dismiss Plaintiffs' lawsuit, in its entirety, for lack of subject matter jurisdiction.[7]

---

[7] If the Court determines it has subject matter jurisdiction over this case, Daniel Defense reserves the right to move to dismiss all of Plaintiffs' claims against it, for failure to state a claim, based on the Protection of Lawful Commerce in Arms Act (15 U.S.C. § 7901 *et seq.*).

165584

Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
E-mail:  dprichard@prichardyoungllp.com

David R. Montpas
State Bar No. 00794324
E-mail: dmontpas@prichardyoungllp.com

Prichard Young, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]

**COUNSEL FOR DEFENDANT,**
**DANIEL DEFENSE, LLC F/K/A**
**DANIEL DEFENSE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of March 2023, I served the following counsel of record through electronic service as authorized by the Federal Rules of Civil Procedure:

Charles A. Bonner                                    Via CM/ECF
A. Cabral Bonner
LAW OFFICES OF BONNER & BONNER
475 Gate Five Rd., Suite 211
Sausalito, CA 94965

Victor Bonner                                        Via CM/ECF
THE BONNER LAW FIRM, P.C.
4820 Old Spanish Trail
Houston, TX 77021

Jose Angel Gutierrez                                 Via CM/ECF
WINSTEAD P.C.
2778 N. Harwood St., Suite 500
Dallas, TX 75201

Jerry Evans                                          Via Certified Mail,
EVANS LAW OFFICE, PPLC                               Return Receipt Requested
127 N. West Street
Uvalde, TX 78801

Jesse Ryder                                          Via CM/ECF
RYDER LAW FIRM
6739 Myers Road
E. Syracuse, NY 13057

*/s/ David M. Prichard*
David M. Prichard

165584