UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| **JASMINE C.,** an individual and on behalf of **M.C.**, a minor and her child, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>**DANIEL DEFENSE, LLC; DANIEL DEFENSE, INC; OASIS OUTBACK, LLC;** and **DOES 1-300**,<br><br>*Defendants.* | Civil Action No.: 2:23-cv-00014-AM |

**PLAINTIFFS' RESPONSE TO COURT'S ORDER TO SHOW CASE RE DISMISSAL**

**(ECF DOC. 26)**

INTRODUCTION

For the reasons set forth more fully below and in the Declaration of Charles A. Bonner, filed concurrently, there is good cause for this court to order Plaintiffs to serve the defendants within a specified time. Fed. R. Civ. P. 4(m) rather than dismissing the action without prejudice. Since filing the complaints in this case and in the companion case *J.P., a minor, et al. v. THE UVALDE CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, et al.* Case No. 2:23-CV-00015-AM, Plaintiffs have been working to resolve legal issues raised by multiple defendants. To this end, Plaintiffs have amended the complaints in both actions and have filed a motion to further amend the complaint in the companion case to add the claims against DEFENDANTS DANIEL DEFENSE, LLC; DANIEL DEFENSE, INC; OASIS OUTBACK, LLC, into the 2:23-CV-00015-AM case (ECF DOC. 22). Plaintiffs have not yet served either complaint in an effort to move

forward in the most efficient manner to preserve judicial resources. Should the court grant PLAINTIFFS' ex parte motion for leave to file second amended complaint filed in the companion case 2:23-CV-00015-AM (ECF DOC. 22), Plaintiff will immediately serve the amended complaint on all defendants and dismiss the 2:23-CV-00014-AM action as moot.

<b>FACTS AND PROCEDURAL HISTORY</b>

**Initial Complaints**

On or around November 29, 2022, Plaintiffs filed two actions seeking justice for the horrible mass shooting that occurred on May 24, 2022, at Robb Elementary School in Uvalde TX. *JASMINE C., an individual and on behalf of M.C., a minor and her child, et al. v DANIEL DEFENSE, LLC; DANIEL DEFENSE, INC; OASIS OUTBACK, LLC* case no. 2:23-CV-00014-AM[1] (hereinafter referred to as "GUN SUPPLIER CASE 23-CV-14") seeks compensation from the gun manufacturer and gun retailer. *J.P., a minor, et al. v. THE UVALDE CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, et al.* case no. 2:23-CV-00015-AM (hereinafter referred to as the "MUNICIPAL ENTITY CASE 23-CV-15") seeks compensation from the various municipal entities that failed to protect the Robb Elementary School students and staff.

**Amendments and Motions to Dismiss GUN SUPPLIER CASE 23-CV-14**

On February 17, 2023, despite not having been served with the complaint, Defendant Daniel Defense filed their Motion to Dismiss for lack of subject matter jurisdiction (ECF DOC 11). In response to this motion, on February 22, 2023, Plaintiffs filed their Amended Complaint (ECF DOC 14), which attempted to cure the jurisdictional issues. Ninety days from the date of the

---

[1] This case was filed in the Western District of Texas, Austin Division and was initially given the case number 1:22-cv-01251.

initial filing of the complaint, November 29, 2022, was February 27, 2023. Plaintiffs filed their Amended Complaint prior to the running of the 90-day deadline under Fed. R. Civ. P. 4(m).

On February 23, 2023, Plaintiffs received Issued Summons from the Court (ECF DOC 15). Pursuant to Fed. R. Civ. P. 4(m)

On March 8, 2023, 13 days after Plaintiffs received the summons and absent service, Defendant Daniel Defense filed their Amended Motion to Dismiss (ECF DOC 20) again, arguing a lack of subject matter jurisdiction.

After reviewing Defendant's motion, on March 22, 2023, Plaintiffs filed a motion for an extension of time to file a response to the motion (ECF DOC 21). On March 29, 2023, the Court issued an Order granting Plaintiffs' motion for an extension of time to file a response (ECF DOC 22). Plaintiffs sought this extension of time to further research the most efficient path forward. Recognizing that simply opposing the motion to dismiss (ECF DOC 20) could be a waste of judicial resources.

Plaintiffs determined that the most efficient path forward would be to consolidate the claims in the GUN SUPPLIER CASE 23-CV-14 case with the claims in the MUNICIPAL ENTITY CASE 23-CV-15. To this end, on March 31, 2023, Plaintiffs filed an ex parte motion for leave to file a second amended complaint in the MUNICIPAL ENTITY CASE 23-CV-15 (ECF DOC 22, MUNICIPAL ENTITY CASE 23-CV-15). This motion was outside of the 90-day time period from filing the initial complaint but prior to the running of 90-days from filing the Amended Compliant (ECF DOC 14) on February 22, 2023[2].

---

[2] The filing of an amended complaint does not restart the clock with respect to the time allowed for timely service under Rule 4(m). *Bustinza v. Perez*, No. B-09-231, 2013 U.S. Dist. LEXIS 204538, at *27 n.38 (S.D. Tex. 2013)

On April 3, 2023, Plaintiffs filed a memorandum in opposition to Defendant Daniel Defenses' motion to dismiss, (ECF DOC 23) in the GUN SUPPLIER CASE 23-CV-14, alerting the Court to the Plaintiffs' plan to consolidate the two actions into one. Plaintiffs stated on page 2:

> Thus, were the Court to grant Plaintiffs' Motion for Leave to Amend, Plaintiffs would henceforth and forthwith dismiss this present action, 2:23-cv-00014 and promptly serve their Second Amended Complaint on Defendants' Daniel Defense LLC, Oasis Outback LLC, as well as the entirety of name defendants including the newly named federal defendants under Case number, 2:23-cv-00015.

On April 10, 2023 Defendant Daniel Defense filed an Advisory to the Court, (ECF DOC 24) stating, inter alia, the following:

> 1. Daniel Defense agrees not to oppose Plaintiffs' Motion for Leave in J.P.
> 2. If and when the Court grants Plaintiffs leave to file their Second Amended Complaint in J.P., Plaintiffs agree to dismiss Daniel Defense from this case without prejudice. Further, Daniel Defense will execute a waiver of service in J.P. Pursuant to Federal Rule of Civil Procedure 4(d)(3), Daniel Defense will have 60 days from that date to file their responsive pleading.
> Plaintiffs Ex Parte

As of the Court's Order to Show Cause on May 19, 2023, the Court has not yet granted or denied Plaintiffs' ex parte motion for leave to file a Second Amended Complaint.

**Amendments and Motions to Dismiss MUNICIPAL ENTITY CASE 23-CV-15**

On February 1, 2023, despite not having been served with the complaint, Defendant Mandy Gutierrez filed her Motion to Dismiss Plaintiffs' Class Action Complaint Pursuant to Rules 12(B)(1) and (6), (ECF DOC 11).

On February 22, 2023, Plaintiffs filed their Amended Complaint, which added additional plaintiffs and Defendants. (ECF DOC 15). Ninety days from the date of the initial filing of the

complaint, November 29, 2022, was February 27, 2023. Plaintiffs filed their Amended Complaint prior to the running of the 90-day deadline under Fed. R. Civ. P. 4(m).

On February 24, 2023 The Court Issued Summons as to Pedro Arrendondo, Joel Betancourt, Eduardo Canales, Daniel Coronado, Victor Escalon, Adrian Gonzalez, Mandy Gutierrez, Louis Landry, Juan Maldonado, Javier Martinez, Steven McGraw, Justin Mendoza, Ruben Nolasco, Donald Page, Mariano Pargas, Jesus "J.J." Suarez, Texas Department of Public Safety, City of Uvalde, Uvalde City Police Department, Uvalde Consolidated Independent School District, Uvalde Consolidated Independent School District Police Department, (ECF DOC 18).

On February 27, 2023, absent service, Defendant Mandy Gutierrez filed her MOTION to Dismiss Plaintiffs' Amended Class Action Complaint Pursuant to Rules 12(B)(1) and (6), (ECF DOC 19). After meeting and conferring with Counsel for Defendant Mandy Gutierrez, Plaintiffs stipulated to dismiss Mandy Gutierrez from the case. On March 13, 2023, Plaintiffs filed a stipulation of dismissal of Mandy Gutierrez (ECF DOC 21).

As discussed above, on March 31, 2023 Plaintiffs filed a motion seeking leave to file a second amended complaint, (EFC DOC 22 MUNICIPAL ENTITY CASE 23-CV-15) to consolidate the two actions.

## ARGUMENT

The facts and procedural history set forth above, provide good cause as to why Plaintiffs have not yet served all defendants. Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Rule 4(m) permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 120 days of filing the complaint. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service. *Id*. Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service. *Id.* To establish 'good cause,' a plaintiff must demonstrate at least as much would be required to show excusable neglect, and simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Lindsey v. U.S. R.R. Retirement Bd.,* 101 F.3d 444 (5th Cir. 1996). "Excusable neglect" is an equitable determination that takes into account all relevant circumstances surrounding the party's omission. *Halicki v. La. Casino Cruises, Inc*., 151 F.3d 465, 468 (5th Cir. 1998). These circumstances include the danger of prejudice to the claimant, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Id.

Here, good cause is shown by the Plaintiffs' efforts to address deficiencies in the GUN SUPPLER CASE 23-CV-14 by consolidating the claims with the MUNICIPAL ENTITY CASE 23-CV-15.  The failure to serve was not based on simple inadvertence or mistake of counsel or ignorance of the rules but was the result of procedural steps that took time to resolve.  For example, having been put on notice of the jurisdictional deficiencies in the GUN SUPPLER CASE 23-CV-14, by Defendant Daniel Defense, prior to service, Plaintiffs took action to resolve the deficiencies by seeking leave to file a second amended complaint.  While the filing of an amended complaint does not restart the clock with respect to the time allowed for timely service under Rule 4(m) (*Bustinza v. Perez*, No. B-09-231, 2013 U.S. Dist. LEXIS 204538, at *27 n.38 (S.D. Tex. 2013)), it was reasonable for the Plaintiffs to wait for the court to rule on the motion to file a second

amended complaint before serving a complaint that could be moot before the defendants had an opportunity to respond.

The Plaintiffs have been diligently litigating this case. One element of "excusable neglect" is the length of the delay and its potential impact on judicial proceedings. *Halicki,* 151 F.3d at 468. Here, the majority of the defendants in both cases should have been served by February 27, 2023. Only three months have elapsed since the serve-by date. No party has made an appearance, and no judicial proceedings have occurred. No party will be prejudiced because they missed a court proceeding because they were not served.

Finally, the facts and procedural history set forth above establish that the Plaintiffs have been acting in good faith. *See Id.* Plaintiffs seek to move forward in the most efficient manner possible. Plaintiffs have met and conferred with different defendants to amend the complaint and dismiss parties. Plaintiffs have not been idling sitting on their hands, hoping to gain some advantage by stalling.

## CONCLUSION

For the reasons stated above, there is good cause to extend the time for Plaintiffs to serve their complaints. Plaintiffs therefore request the court to order a date by which Plaintiffs must serve all Defendants. Plaintiffs request that this date be after the Court issues an order on the Motion to File a Second Amended Complaint.

Dated:  June 2, 2023                              Respectfully Submitted,
                                                                  */s/ Charles A. Bonner*

**RYDER LAW FIRM**                        **LAW OFFICES OF BONNER & BONNER**
**JESSE RYDER (***pro hac forthcoming***)**   CHARLES A. BONNER
6739 Myers Road                              CABRAL BONNER
E. Syracuse, NY 13057                        475 Gate Five Rd., Suite 211
Tel: (515) 382-3617                           Sausalito, Ca 94965e-mail:
ryderlawfirm@gmail.com                  Tel: (415) 331-3070

7

**EVANS LAW OFFICE P.P.L.C.**
JERRY EVANS
127 N. West Street
Uvalde, Texas 78801
Tel: (830) 900-5021
e-mail: devanslawoffice@gmai.com

**THE BONNER LAW FIRM, P.C.**
VICTOR BONNER
4820 Old Spanish Trail
Houston, Texas 77021
Tel: (832) 433-6565
e-mail: vmbonner@yahoo.com

Fax: (415) 331-2738
e-mail: cbonner799@aol.com
e-mail: cabral@bonnerlaw.come-mail:
e-mail: eseifert00@hotmail.com

**Legal Center of Jose Angel Gutierrez, P.C.**
JOSE ANGEL GUTIERREZ
429 W. 12th Street
Dallas, Texas 75208
Tel: 214-745-5400
e-mail: joseangelgutierrez@yahoo.com

8

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on or about June 2, 2023, a true and accurate copy of Plaintiffs' Motion for Extension of Time was served on counsel of record via the CM/ECF system.

Respectfully Submitted,

*/s/Charles A. Bonner*

LAW OFFICES OF BONNER & BONNER
CHARLES A. BONNER
CABRAL BONNER
475 Gate Five Rd., Suite 211
Sausalito, Ca 94965
Tel: (415) 331-3070
Fax: (415) 331-2738
e-mail: cbonner799@aol.com
e-mail: cabral@bonnerlaw.com