UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, DEL RIO
DIVISION

| | |
|---|---|
| JASMINE C., an individual and on behalf of M.C., a minor and her child; J.P., a minor by and through his parents and next friends, CRYSTAL P. and DANIEL P., individually and on behalf of a class of all similarly situated students; ANDREA V., individually and on behalf of a class of all similarly situated parents; ESTHER V., individually and on behalf of a class of all similarly situated school support staff; Z.R., a minor by and through his parent and next friend, CORINA R., individually; J.S., a minor by and through his parents and next friends, ALMA R. and GEORGE R., individually; L.R., a minor by and through her parents and next friends, LUCIENE A. and FRANK R., individually; Z.A., a minor by and through his parents and next friends, ESTHER V. and LUIS A., individually; M.T., a minor by and through her parent and next friend, LOUANNA R.; B.G. and F.G., minors by and through their parent and next friend, BEATRICE T., individually; J.L., a minor by and through her parent and next friend, ASHLEY L., individually; J.D., a minor by and through his parent and next friend, SANDRA V., individually; F.L., a minor by and through her parent and next friend, VIRGINIA G., individually; A.P., a minor by and through his parents and next friends, ARACELY P. and ROMAN P., individually; A.L., a minor by and through his parent and next friend, CRYSTAL G., individually; D.J.Q., a minor by and through his parents and next friends, MANUEL Q. and YVETTE Q., individually; J.P., a minor by and through her parent and next friend, JASMIN P., individually; T.G., a minor by and through her parent and next friend, JACKIE G., individually; R.F., a minor by and through her parent and next friend, MONICA O., | Case No.  2:23-cv-00014-AM<br><br>AMENDED COMPLAINT FOR DAMAGES<br><br>CLASS/MASS ACTION<br><br>1.   Negligence/Gross Negligence<br><br>2.   Negligence Per Se<br><br>3.   Negligent Transfer<br><br>4.   Negligent Sale<br><br>Jury Trial Demanded pursuant to Fed. R. Civ. P. 38(b) |

individually; A.V. and G.E., minors by and through their parents and next friends, ANDREA V., individually; N.S., a minor by and through her parent and next friend, ALIETA P., individually and grandmother, MARIA P., individually; A.L.A.T, a minor by and through her parent and next friend, CASSANDRA B., individually; G.D.G.R., a minor by and through her parents and next friends, SANDRA and MARTIN M., individually; MARIA G.R., individually; VANESSA G., individually; M.D.E., a minor by and through her parents and next friends, BERNARD E. and TANAMA J.E., individually; A.R., a minor by and through her parent and next friend, DEBORA Q., individually; J.A.M., a minor by and through her parents and next friends, LETICIA M. and MIKE M., individually; M.C.A., a minor by and through her parent and next friend MONICA H., individually; ALBERT V., individually; A.G., a minor by and through her parent and next friend, SELENA T., individually; M.C. a minor by and through her parent and next friend, MARISA S., individually; A.M. a minor by and through her parent and next friend, AIKO C., individually; and DOES 1 – 3000, individually,

  *Plaintiffs,*

v.

DANIEL DEFENSE, LLC; DANIEL DEFENSE, INC.; OASIS OUTBACK, LLC; and DOES 1 – 300.

*Defendants.*

<u>OASIS OUTBACK, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(B)(6)</u>

Congress foresaw that there would be efforts, including in the wake of tragedies like this one, to impose liability on firearms manufacturers and sellers based on the criminal misuse of their products by third parties. Congress precluded such lawsuits through the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. §7901 et seq. The PLCAA does not just foreclose liability; it protects defendants like Oasis from the cost of defending these suits altogether. The PLCAA requires dismissal in this case because Plaintiffs' lawsuit – and all of the individual claims therein –fall squarely within the definition of a qualified civil liability action and none of the PLCAA's exceptions apply. *See* 15 U.S.C. §§ 7903(5)(A)(i)-(vi).

## ARGUMENT

It is undisputed that the PLCAA applies to Plaintiffs' claims against Oasis. Dkt. 34 at p. 6 ("Plaintiffs do not dispute that, if its case against Oasis Outback did not fit into one of PLCAA's exceptions, it would be a 'qualified civil liability action" and dismissal would be warranted."); Dkt. 30 at §I(A). The Court must, therefore, dismiss Plaintiffs' claims *unless* they meet one of the PLCAA's exceptions.[1] For the reasons *infra* at §I(A), the Plaintiffs did not plead any exception to immunity.

And, the Court must reject Plaintiffs' argument that their claims negligent entrustment claims may proceed under the PLCAA. *Infra* at §I(B). The PLCAA does

---

[1] Because Plaintiffs agree this is a qualified civil liability action under the PLCAA, the Court need not address the portion of Oasis' Motion to Dismiss explaining why Plaintiffs' claims otherwise fail under Texas law. *See* Dkt. 30, Mot. at §II (offering alternative grounds for dismissal under Texas law).

not create causes of action or remedies. 15 U.S.C. § 7903(5)(C). For a cause of action to be exempt, the action must exist under applicable state or federal law. *In re Acad., Ltd.*, 625 S.W.3d 19, 30 (Tex. 2021) ("*Academy*"). Plaintiffs agree. Dkt. 34 at p. 6. There is no federal common-law claim for negligent entrustment. And, the Texas Supreme Court has held that Texas law does not recognize negligent entrustment in the transfer of a chattel. *Id.* at 32 ("we agree with Academy that no viable cause of action exists under Texas law for negligent entrustment based on a sale of chattel. In turn, we hold that the plaintiffs may not rely on the negligent-entrustment exception to pursue their claims."). The Texas Supreme Court's holding specifically applied the PLCAA to bar claims arising out of a mass shooting. This Court is bound by the Texas Supreme Court's interpretation of Texas law. *Am. Int.'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 564 (5th Cir. 2010).

### I. The PLCAA bars Plaintiffs' claims.

#### A. Plaintiffs' claims do not meet any of the six exceptions to immunity.

Plaintiffs bear the burden to plead and prove that each of their claims against Oasis fall within one of the six exceptions to immunity.[2] *See Academy*, 625 S.W.3d at 26. Those exceptions are listed in 15 U.S.C. § 7903(5)(A). Plaintiffs do not plead any exception to immunity. Plaintiffs style their claims as "negligent transfer" or

---

[2] The Court should examine each claim to determine if it meets a PLCAA exception. *See Soto v. Bushmaster Firearms International, LLC*, 331 Conn. 53 (Conn. 2019) (reversing dismissal of action under the PLCAA based on a violation of a predicate statute but affirming dismissal of negligent entrustment action). There is no basis in the PLCAA's plain language, structure or purpose to conclude Congress intended for an action pleaded under one exception to serve as a "super exception" that eliminates immunity for all other causes of action.

2

"negligent sale." Neither qualifies as an exception to immunity conferred under the PLCAA. For this reason alone, dismissal is appropriate. Dkt. 30, Mot. at §I(B), (D).

### B. Plaintiffs' reliance on the negligent entrustment exception fails.

Recognizing that "negligent sale" and "negligent transfer" are not among the six enumerated exceptions to the PLCAA's immunity, Plaintiffs attempt to fit under the exception in PLCAA that allows certain claims for negligent entrustment to proceed. 15 U.S.C. § 7903(5)(A)(ii); *cf. Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 179 (5th Cir. 2018) ("Allen does not assert negligent entrustment by name, but she does advance an underlying premise of negligent entrustment."). The PLCAA defines "negligent entrustment" as:

> the supplying of a qualified product by a seller for use by another person when the seller knows, or reasonably should know, the person to whom the product is supplied is likely to, and does, use the product in a manner involving unreasonable risk of physical injury to the person or others.

*Id.* § 7903(5)(B). However, the PLCAA also provides "no provision of this [statute] shall be construed to create a public or private cause of action." *Id.* § 7903(5)(C). "Accordingly, courts apply state law on negligent entrustment claims in evaluating whether the exception applies." *Academy*, 625 S.W.3d at 30 (citing *Prescott v. Slide Fire Sols., LP*, 410 F. Supp. 3d 1123, 1139 (D. Nev. 2019) as noting "[b]ecause the PLCAA does not 'create a public or private cause of action or remedy,' courts look to state law" in determining whether the negligent entrustment exception applies) and *Phillips v. Lucky Gunner, LLC*, 84 F. Supp. 3d 1216, 1225 (D. Colo. 2015) "[a]lthough the PLCAA identifies negligent entrustment as an exception to immunity, it does not create the cause of action. Accordingly, the claim arises under state law.").

*Academy* is not an outlier. Courts across the country understand that the PLCAA's negligent entrustment exception requires an examination of whether a negligent entrustment claim is recognized under state law because the PLCAA does not create a public or private right of action. *See, e.g., Parsons v. Colt's Mfg. Co., LLC*, No. 219CV01189APGEJY, 2020 WL 1821306, at *3 (D. Nev. Apr. 10, 2020), modified on reconsideration, No. 219CV01189APGEJY, 2020 WL 2309259 (D. Nev. May 8, 2020) (in mass shooting case, looking to Nevada law on negligent entrustment in determining whether or not claim excepted from PLCAA immunity); *Timperio v. Bronx-Lebanon Hosp. Ctr.*, 384 F. Supp. 3d 425, 434 (S.D.N.Y. 2019) ("The Act also states that it does not 'create a public or private cause of action or remedy.' Accordingly, Plaintiff must also satisfy the requirements for a negligent entrustment claim under New York law."); *Prescott*, 410 F. Supp. 3d at 1133 (applying Nevada law on negligent entrustment to determine whether the PLCAA's negligent-entrustment exception applied); *Phillips*, 84 F. Supp. at 1225 (looking to Colorado law on negligent entrustment in evaluating whether plaintiffs pled exception to immunity); *Soto v. Bushmaster Firearms Int'l*, 331 Conn. 53, 202 A.3d 262, 278, 283 (2019) (plaintiffs failed to plead negligent entrustment under Connecticut law and, therefore, could not proceed under negligent-entrustment exception).[3]

The viability of Plaintiffs' claims under the negligent entrustment exception

---

[3] The court should not consider Plaintiffs' footnoted arguments on legislative history. "Whether or not legislative history is ever relevant, it need not be consulted when, as here, the statutory text is unambiguous." *United States v. Woods*, 571 U.S. 31 at n.5 (2013). The PLCAA is clear: "no provision of this [statute] shall be construed to create a public or private cause of action." 15 U.S.C. § 7903(5)(C).

4

therefore depends on whether Texas recognizes a cause of action for negligent entrustment based on the sale of a product. Plaintiffs' negligent entrustment argument fails. Plaintiffs allege Oasis *sold* firearms and ammunition to the Shooter,[4] and the sale of goods (including the sale of a firearm or ammunition used in a criminal shooting) does not, and cannot support a negligent entrustment claim in Texas. *Academy*, 625 S.W.3d at 31. Even before *Academy*, the Fifth Circuit voiced its understanding that Texas law did not recognize negligent entrustment in the sale of a chattel. *Allen*, 907 F.3d at 179.

Plaintiffs attempt to subvert this authority by suggesting the PLCAA impliedly created a cause of action for negligent entrustment-by-way-of-sale. *Cf.* 15 U.S.C. § 7903(5)(B). But the plain text of the PLCAA precludes that argument: "[N]o provision of this chapter shall be construed to create a public or private cause of action or remedy." *Id.* § 7903(5)(C). Courts may not imply federal causes of action "no matter how desirable that might be as a policy matter." *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001). The negligent entrustment exception merely permits a plaintiff to take advantage of preexisting common law actions, and Texas does not recognize the action plaintiffs assert. It is irrelevant whether Oasis's alleged conduct might fit the PLCAA's definition of negligent entrustment, because if no viable negligent entrustment claim exists under state law, PLCAA bars recovery.

---

[4] Dkt. 1 at ¶210 ("Oasis Outback is a licensed seller of firearms. It sold ammunition and a firearm to [the Shooter] when it knew, or reasonably should have known, that the person to whom the ammunition and firearm being supplied, [the Shooter], was likely to use the product in a manner involving unreasonable risk of physical injury to other persons; and in fact, [the Shooter] did so use it.").

5

No court has applied the PLCAA's negligent entrustment exception in the manner advocated by the Plaintiffs. Moreover, even if the Court adopted the Plaintiffs' framework, it would still have to dismiss their claims against Oasis. To support the implied creation of a federal cause of action for negligent entrustment, Plaintiffs rely exclusively on Justice Boyd's concurring opinion in *Academy* and *Delana v. CED Sales, Inc.*, 486 S.W.3d 316, 321-22 (Mo. 2016). Neither helps.

Justice Boyd concurred in *Academy* for a discrete reason – only part of which the Plaintiffs recognize. In Justice Boyd's words:

> I concur in the Court's judgment because Texas law does not recognize the negligent entrustment claim the plaintiffs have asserted. That claim falls squarely within the PLCAA's definition of (and exception for) negligent entrustment, so the PLCAA does not bar it, but it fails because Texas law does not recognize it and the PLCAA does not authorize it. The claim must be dismissed under Texas law, but not because the PLCAA bars it.

*Id.* at 38 (Boyd, J. concurring).[5] Accepting Justice Boyd's reasoning in this case does not save the Plaintiffs' claims from dismissal. Like *Academy*, Plaintiffs allege Oasis should not have "sold" a firearm and ammunition to the Shooter. Dkt. 1, Pls.' Compl. at ¶210 ("Oasis Outback is a licensed seller of firearms. It sold ammunition and a

---

[5] The majority rejected Justice Boyd's analysis, and no member of the court joined his concurrence. The other eight justices of the Texas Supreme Court reasoned:

> The concurrence agrees that Texas law does not recognize a negligent entrustment claim in the context of a sale and thus bars the claims at issue. … We disagree. Because the PLCAA expressly disclaims the creation of any cause of action, and negligent entrustment is a creature of state law, state law necessarily informs the application of the negligent-entrustment exception. Absent a valid state-law cause of action, as is the case here, no cause of action exists to fall within that exception. Accordingly, we do not read the PLCAA to allow a nonexistent state-law claim to proceed. Rather, the PLCAA mandates that we look to state law."

*Academy*, 625 S.W.3d at n. 14.

firearm to [the Shooter] when it knew, or reasonably should have known, that the person to whom the ammunition and firearm being supplied, [the Shooter], was likely to use the product in a manner involving unreasonable risk of physical injury to other persons; and in fact, [the Shooter] did so use it."); *see also id.* at ¶44 ("sold"); ¶99 ("sold"); ¶204-205 ("selling" and "sales"). But Texas law does not recognize a claim for negligent sale of a chattel, which is the allegation at issue in this case. *Academy*, 625 S.W.3d at 31. Therefore, applying Justice Boyd's concurrence – something the *Academy* majority did not do and no court has since endorsed – results in the same outcome: dismissal. *See Academy*, 625 S.W.3d at 41 ("I agree with the Court that the claim fails under Texas law") and Dkt. 30 at §§I(C) and II (dismissal appropriate because claims not recognized under Texas law).

*Delana* is distinguishable and provides no support for Plaintiff's claims. First, *Delana* applies Missouri law. This is meaningful because, unlike Texas, Missouri recognizes a common law cause of action for negligent entrustment in the sale of a chattel. *Delana*, 486 S.W.3d at 319. Second, nothing in *Delana* suggests a claim may proceed simply because a plaintiff alleges facts satisfying the PLCAA's definition of negligent entrustment.[6] Since *Delana,* Missouri courts have explained a negligent

---

[6] *Delana* is factually distinguishable as well. As summarized by the court in *Delana*, Colby Weathers was severely mentally ill and attempted to commit suicide with a firearm she purchased at Odessa Gun & Pawn ("Odessa") a month earlier. 486 S.W.3d at 319. Her mother called Odessa and spoke with manager, telling him that Colby was "severely mentally ill and should not have a gun," and that she attempted suicide with the firearm she purchased the previous month. *Id.* She gave Colby's full name, Social Security number, and date of birth to the manager, told him that she would likely try to purchase a firearm after receiving her Social Security disability payment, and begged him not to sell a firearm to Colby. *Id.* Two days later, Ms. Weathers went to Odessa and the same manager sold her a firearm and ammunition, which she used to kill her father within an hour of leaving the store. *Id.* Here, the Plaintiffs do not allege Oasis had knowledge of the Shooter's intent to harm. Whatever

entrustment claim constitutes an exception to the PLCAA in Missouri because Missouri law recognizes negligent entrustment at common law. *Elkins v. Acad. I, LP*, 633 S.W.3d 529, 534 (Mo. Ct. App. 2021) (listing elements of negligent entrustment under Missouri law and stating "[t]hus, a properly pleaded negligent entrustment claim against a seller of firearms (or in this case ammunition) is recognized in Missouri common law and falls within the exceptions to PLCAA preemption.").

Accepting the Plaintiffs' construction of the PLCAA would turn the purpose of the PLCAA on its head. Congress enacted the PLCAA in recognition that "imposing liability on an entire industry for harm that is solely caused by others" was unfair to the businesses and employees who never pulled the trigger. 15 U.S.C. § 7901(a)(6). It also recognized that these suits threatened to undermine Americans' ability to exercise their Second Amendment right, destabilized the industry serving that right,

---

weight opinions expressed by customers may have, they cannot be imputed to Oasis. Looking only to allegations about Oasis, it is undisputed the Shooter passed a NICS background check and was not a disqualified purchaser. Plaintiffs allege Oasis should have nevertheless refused the sale because the Shooter wore black, was "alone and quiet," and purchased a large amount of ammunition. Dkt. 1 ¶99. If an allegation is so general that it encompasses a wide swath of conduct, much of it innocent, then a plaintiff has "not nudged [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The speculative connection advocated by Plaintiffs is exactly the type of implausible allegation that a court should ignore under Rule 12. Quantity of ammunition is not enough. *See Phillips v. LuckyGunner, LLC*, 84 F. Supp. 3d 1216, 1226 (D. Colo. 2015) (dismissing where allegation was that large quantity of ammunition purchased provided actual or constructive knowledge of the purchaser's criminal intent or ineligibility for the purchase. And a purchaser's nervousness is not reason to know of the purchaser's incompetence or intention to cause harm. *See Drake v. Wal-Mart, Inc.*, 876 P.2d 738, 741 (Okla. Civ. App. 1994) (seller could not have known gun buyer intended to commit suicide even though she was nervous, fidgety, had a blank look on her face, looked troubled, and was reluctant to handle the gun); *Peek v. Oshman's Sporting Goods, Inc.*, 768 S.W.2d 841, 847 (Tex. App. 1989) (seller had no reason to anticipate buyer's mental impairment or intent to commit a crime despite evidence purchaser was nervous, uptight, and in a hurry)

and invited commercial conflict between States. *See id.* § 7901(a)(2), (6), (8). To that end, Congress sought to prohibit causes of action against the firearms industry "for the harm caused by those who criminally or unlawfully misuse firearm products or ammunition products." *Id.* § 7901(a)(5). The purpose of the PLCAA is to curb litigation, not expand it. Accepting Plaintiffs' argument that a non-viable state law claim is revived through section 7903(5)(B) subverts the PLCAA's very purpose.

Finally, Plaintiffs suggest that *Academy* is not controlling because their claims do not concern the "sale" of a chattel. Dkt. 34 at p. 10. Nonsense. Plaintiffs style their claims as "negligent **_sale_**" and "negligent **_transfer_**." Plaintiffs allege Oasis "sold" the Shooter qualified products. *Supra* at n.4 and Dkt. 1 at ¶¶210, 204-205. Plaintiffs even argue their claims fit the "negligent entrustment" definition of the PLCAA. Therefore, the claims must face the same fate as those in *Academy*.

The Texas Supreme Court was clear in *Academy*: Texas has not adopted Section 390 of the Restatement of Torts. *Academy*, 625 S.W.3d at 31. It was equally clear in holding: "no viable cause of action exists under Texas law for negligent entrustment based on a sale of chattel. In turn, we hold that the plaintiffs may not rely on the negligent-entrustment exception to pursue their claims."[7] *Id.* at 32.

## II. Plaintiffs should not be entitled to re-plead and cannot circumvent the PLCAA.

Plaintiffs should not be granted to leave to amend. Plaintiffs filed this lawsuit in November 2022 and waited over six months to serve Oasis. Plaintiffs had every

---

[7] *Academy* is controlling precedent on Texas law. The Court need not look to four cases that pre-date it (three by over thirty years) like those cited in Dkt. 34 at p. 13-14. As the Plaintiffs recognize, "the Texas Supreme Court, of course, has the final say over what constitutes negligent entrustment under Texas law." Dkt. 34 at 15.

opportunity to revisit their case theory during this delay. Plaintiffs did not amend. And, while Plaintiffs had an opportunity to re-plead in response to Oasis' Motion to Dismiss, they failed to do so. *See* L.R.CV-15 ("Notwithstanding the time limits provided in Rule CV-7, a party may respond to a first motion under Federal Rule of Civil Procedure 12(b) by filing an amended pleading as a matter of course not later than 21 days after the filing of the motion."). Just as problematic, amendment would be futile. Courts may "deny leave to amend…if the defects are incurable or the plaintiffs have already alleged their best case." *Pierce v. Hearne Indep. School Dist.*, 600 Fed. Appx. 194, 200 (5th Cir. 2015). The Court should deny Plaintiffs an opportunity to amend because they have failed to set forth any allegation that avoids the grounds for dismissal.

## CONCLUSION AND PRAYER

The PLCAA immunizes firearm and ammunition sellers from suit for harm caused by the criminal or unlawful misuse of qualified products, as plainly occurred here. *See* 15 U.S.C. § 7902(a). Plaintiffs' claims against Oasis fit squarely within the PLCAA's immunity. This case is indistinguishable from *In re Acad., Ltd.*, 625 S.W.3d 19, 34 (Tex. 2021). There, like here, the firearms dealer ran a background check that came back "clean," revealing no disqualification to the sale. *Id.* at 23. There, like here, the plaintiffs claimed the dealer was nevertheless liable for the sale under a negligent entrustment/transfer theory. The Texas Supreme Court applied the PLCAA to dismiss the case. *Id.* at 24. Unless and until Texas law changes or Congress rewrites PLCAA, the result in this case must be the same. For these reasons, Oasis asks the Court to order the immediate dismissal of Plaintiffs' claims.

Respectfully submitted,

**GRAY REED**

*/s/ A.M. "Andy" Landry, III*
_____
A.M. "Andy" Landry III
State Bar No. 11868750
J.J. Hardig, Jr.
State Bar No. 24010090
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000 (Telephone)
(713) 986-7100 (Fax)
Email: alandry@grayreed.com
Email: jhardig@grayreed.com

-and-

**JEFFERSON CANO**

*/s/ Lamont A. Jefferson*
_____
Lamont A. Jefferson
State Bar No. 10607800
Emma Cano
State Bar No. 24036321
122 E. Pecan St., Suite 1650
San Antonio, Texas 78205
(210) 988-1808 (Telephone)
(210) 988-1808 (Fax)
Email: ljefferson@jeffersoncano.com
Email: ecano@jeffersoncano.com

**ATTORNEYS FOR DEFENDANT OASIS OUTBACK, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically served upon all counsel of record through the CM/ECF system on this 2nd day of August, 2023.

*s/ A.M. "Andy" Landry, III*
A.M. "Andy" Landry, III
