UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, DEL RIO DIVISION

| | |
|---|---|
| JASMINE C., an individual and on behalf of M.C., a minor and her child; J.P., a minor by and through his parents and next friends, CRYSTAL P. and DANIEL P., individually and on behalf of a class of all similarly situated students; ANDREA V., individually and on behalf of a class of all similarly situated parents; ESTHER V., individually and on behalf of a class of all similarly situated school support staff; Z.R., a minor by and through his parent and next friend, CORINA R., individually; J.S., a minor by and through his parents and next friends, ALMA R. and GEORGE R., individually; L.R., a minor by and through her parents and next friends, LUCIENE A. and FRANK R., individually; Z.A., a minor by and through his parents and next friends, ESTHER V. and LUIS A., individually; M.T., a minor by and through her parent and next friend, LOUANNA R.; B.G. and F.G., minors by and through their parent and next friend, BEATRICE T., individually; J.L., a minor by and through her parent and next friend, ASHLEY L., individually; J.D., a minor by and through his parent and next friend, SANDRA V., individually; F.L., a minor by and through her parent and next friend, VIRGINIA G., individually; A.P., a minor by and through his parents and next friends, ARACELY P. and ROMAN P., individually; A.L., a minor by and through his parent and next friend, CRYSTAL G., individually; D.J.Q., a minor by and through his parents and next friends, MANUEL Q. and YVETTE Q., individually; J.P., a minor by and through her parent and next friend, JASMIN P., individually; T.G., a minor by and through her parent and next friend, JACKIE G., individually; R.F., a minor by and through her parent and next friend, MONICA O., individually; A.V. and G.E., minors by and through their parents and next friends, ANDREA V., individually; N.S., a minor by and through her parent and next friend, ALIETA P., individually and grandmother, MARIA P., individually; A.L.A.T, a minor by and through her parent and next friend, CASSANDRA B., | Case No. 2:23-cv-00014-AM<br><br>AMENDED COMPLAINT FOR DAMAGES<br><br>CLASS/MASS ACTION<br><br>1. Negligence/Gross Negligence<br>2. Negligence Per Se<br>3. Negligent Transfer<br>4. Negligent Sale<br><br>Jury Trial Demanded pursuant to Fed. R. Civ. P. 38(b) |

**individually; G.D.G.R., a minor by and through her parents and next friends, SANDRA and MARTIN M., individually; MARIA G.R., individually; VANESSA G., individually; M.D.E., a minor by and through her parents and next friends, BERNARD E. and TANAMA J.E., individually; A.R., a minor by and through her parent and next friend, DEBORA Q., individually; J.A.M., a minor by and through her parents and next friends, LETICIA M. and MIKE M., individually; M.C.A., a minor by and through her parent and next friend MONICA H., individually; ALBERT V., individually; A.G., a minor by and through her parent and next friend, SELENA T., individually; M.C. a minor by and through her parent and next friend, MARISA S., individually; A.M. a minor by and through her parent and next friend, AIKO C., individually; and DOES 1 – 3000, individually,**

    *Plaintiffs,*

v.

**DANIEL DEFENSE, LLC; DANIEL DEFENSE, INC.; OASIS OUTBACK, LLC; and DOES 1 – 300.**

    *Defendants.*

# RULE 26(F) REPORT[1]

1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

**Overview**

This case arises out of the May 24, 2022, shooting at Robb Elementary School in Uvalde, Texas. Plaintiffs are victims of the shooter's crimes. The lawsuit brings claims that sound in negligence against Daniel Defense, LLC, Daniel Defense, Inc. (together "Daniel Defense") and Oasis Outback LLC, who marketed, sold, and transferred the firearm at issue. Dkt, 14, Pls.' Am. Compl. at ¶¶212 – 222; ¶¶223– 232.  Plaintiffs also ask for exemplary damages.  Pls.' Am. Compl. at p. 71.

---

[1] The parties were unable to meet by phone prior to filing this report.  But, Defendants circulated a copy of this Rule 26(F) Report to Plaintiffs prior to filing, and Plaintiffs consented to the joint filing of this report.

4889-0664-1023.1            2

**Claims**

The Complaint has the following causes of action:

    (1) Negligence/Gross Negligence

    (2) Negligence Per Se

    (3) Negligent Transfer

    (4) Negligent Sale

**Defenses**

Daniel Defense has objected to subject matter jurisdiction. Dkt. 20. Oasis will also object to subject matter jurisdiction.  There is no diversity of parties; Oasis is a local defendant, which defeats diversity of citizenship as grounds for jurisdiction.  And, there are no federal claims.  The only jurisdictional hook raised by Plaintiffs is the Class Action Fairness Act ("CAFA"), *see* 28 U.S.C. §1332 et seq.  But, CAFA cannot apply here.  Among other reasons, there are insufficient persons to form a class, *see* 28 U.S.C. §1332(d)(5)(B) and this matter presents a "local" controversy for purposes of 28 U.S.C. §1332(d)(4)(A).[2]

In addition to jurisdictional issues, Daniel Defense and Oasis Outback have raised the Protection of Lawful Commerce in Arms Act as a defense. *See* Dkt. 30.  In addition to the Protection of Lawful Commerce in Arms Act, Daniel Defense and Oasis Outback anticipate defending on the basis that Plaintiffs' claims fail to state a claim under Texas law and that liability, if any, must be reduced under Texas' proportionate responsibility statute and other provisions of the Texas Civil Practice and Remedies Code, as applicable.

    2.   Are there any outstanding jurisdictional issues?

Yes.  Daniel Defense has objected to subject matter jurisdiction. Dkt. 20. Oasis will also object to subject matter jurisdiction for the reasons listed in response to Paragraph 1, *supra*.

    3.   Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

All named parties have been served. There are "Doe" Defendants listed in Complaint that have not been served.

    4.   Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

Not at this time.

    5.   Are there any legal issues in this case that can be narrowed by agreement or by motion?

The parties are in the midst of motion practice over several issues in this case, including subject matter jurisdiction and the Protection of Lawful Commerce in Arms Act. Plaintiffs and Defendants have opposing views on the applicability of these doctrines to the case but expect that the Court's rulings

---

[2] Plaintiffs have moved to add Daniel Defense and Oasis Outback as additional defendants in their separate lawsuit against the governmental defendants.  *See J.P. et al v. The Uvalde Consolidated Independent School District, et al*, No. 2-23-cv-00015-AM, Dkt. 22 (Plaintiffs' Ex Parte Motion to File Second Amended Complaint).

4889-0664-1023.1

3

on these issues at the motion to dismiss stage will shape the case going forward.

6. Are there any issues about preservation of discoverable information?

The parties agree that they are all under a duty to preserve information that is relevant to the claims and defenses described above.

7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?

The parties anticipate negotiating an electronically stored information (ESI) protocol. They anticipate that metadata may be produced.

8. What are the subjects on which discovery may be needed?

Daniel Defense and Oasis object to all discovery, including initial disclosures, until final resolution of (1) whether the Court has jurisdiction and (2) whether they are entitled immunity under the Protection of Lawful Commerce in Arms Act. Their view is that discovery is not appropriate or necessary to address the threshold issue of immunity.

In the event the Court retains this case and concludes dismissal is not appropriate, discovery may be necessary to substantiate Plaintiffs' damages and causation theories.

9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

No.

Daniel Defense and Oasis Outback take the position that initial disclosures are improper until after a decision on whether they qualify for immunity under the Protection of Lawful Commerce in Arms Act.

10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

No discovery has been taken yet.

11. What, if any, discovery disputes exist?

No discovery disputes currently exist. However, as explained above, Daniel Defense and Oasis Outback object to all discovery until final resolution of whether they are entitled to immunity under the Protection of Lawful Commerce in Arms Act.

12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

The parties anticipate reaching an agreement on a proposed order pursuant to Federal Rule of Evidence 502.

13. Have the parties discussed early mediation?

No. Defendants Daniel Defense and Oasis Outback are not open to mediation until after resolution of their motions to dismiss.

14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?

Yes. The parties anticipate filing a joint confidentiality and protective order to protect certain sensitive information.


*/s/ Cabral Bonner      /wp/*               *September 12, 2023*
  Counsel for Plaintiff(s)                                   Date


*/s/ A.M. "Andy" Landry, III*               *September 12, 2023*
  Counsel for Defendant                                      Date
  Oasis Outback, LLC


*/s/ David M. Prichard         /wp/*        *September 12, 2023*
  Counsel for Defendant                                      Date
  Daniel Defense, LLC f/k/a
  Daniel Defense, Inc.

Respectfully submitted,

**GRAY REED**

*/s/ A.M. "Andy" Landry, III*
_____

A.M. "Andy" Landry III
State Bar No. 11868750
J.J. Hardig, Jr.
State Bar No. 24010090
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000 (Telephone)
(713) 986-7100 (Fax)
Email: alandry@grayreed.com
Email: jhardig@grayreed.com

-and-

**JEFFERSON CANO**

*/s/ Lamont A. Jefferson*
_____

Lamont A. Jefferson
State Bar No. 10607800
Emma Cano
State Bar No. 24036321
122 E. Pecan St., Suite 1650
San Antonio, Texas 78205
(210) 988-1808 (Telephone)
(210) 988-1808 (Fax)
Email: ljefferson@jeffersoncano.com
Email: ecano@jeffersoncano.com

**ATTORNEYS FOR DEFENDANT OASIS OUTBACK, LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was electronically served upon all counsel of record through the CM/ECF system on this 12th day of September, 2023.

*s/ A.M. "Andy" Landry, III*
A.M. "Andy" Landry, III
