UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, DEL RIO
DIVISION

| | |
|---|---|
| JASMINE C., an individual and on behalf of M.C., a minor and her child; J.P., a minor by and through his parents and next friends, CRYSTAL P. and DANIEL P., individually and on behalf of a class of all similarly situated students; ANDREA V., individually and on behalf of a class of all similarly situated parents; ESTHER V., individually and on behalf of a class of all similarly situated school support staff; Z.R., a minor by and through his parent and next friend, CORINA R., individually; J.S., a minor by and through his parents and next friends, ALMA R. and GEORGE R., individually; L.R., a minor by and through her parents and next friends, LUCIENE A. and FRANK R., individually; Z.A., a minor by and through his parents and next friends, ESTHER V. and LUIS A., individually; M.T., a minor by and through her parent and next friend, LOUANNA R.; B.G. and F.G., minors by and through their parent and next friend, BEATRICE T., individually; J.L., a minor by and through her parent and next friend, ASHLEY L., individually; J.D., a minor by and through his parent and next friend, SANDRA V., individually; F.L., a minor by and through her parent and next friend, VIRGINIA G., individually; A.P., a minor by and through his parents and next friends, ARACELY P. and ROMAN P., individually; A.L., a minor by and through his parent and next friend, CRYSTAL G., individually; D.J.Q., a minor by and through his parents and next friends, MANUEL Q. and YVETTE Q., individually; J.P., a minor by and through her parent and next friend, JASMIN P., individually; T.G., a minor by and through her parent and next friend, JACKIE G., individually; R.F., a minor by and through her parent and next friend, MONICA O., | Case No. 2:23-cv-00014-AM<br><br>AMENDED COMPLAINT FOR DAMAGES<br><br>CLASS/MASS ACTION<br><br>1.   Negligence/Gross Negligence<br><br>2.   Negligence Per Se<br><br>3.   Negligent Transfer<br><br>4.   Negligent Sale<br><br>Jury Trial Demanded pursuant to Fed. R. Civ. P. 38(b) |

1

individually; A.V. and G.E., minors by and through their parents and next friends, ANDREA V., individually; N.S., a minor by and through her parent and next friend, ALIETA P., individually and grandmother, MARIA P., individually; A.L.A.T, a minor by and through her parent and next friend, CASSANDRA B., individually; G.D.G.R., a minor by and through her parents and next friends, SANDRA and MARTIN M., individually; MARIA G.R., individually; VANESSA G., individually; M.D.E., a minor by and through her parents and next friends, BERNARD E. and TANAMA J.E., individually; A.R., a minor by and through her parent and next friend, DEBORA Q., individually; J.A.M., a minor by and through her parents and next friends, LETICIA M. and MIKE M., individually; M.C.A., a minor by and through her parent and next friend MONICA H., individually; ALBERT V., individually; A.G., a minor by and through her parent and next friend, SELENA T., individually; M.C. a minor by and through her parent and next friend, MARISA S., individually; A.M. a minor by and through her parent and next friend, AIKO C., individually; and DOES 1 – 3000, individually,

     *Plaintiffs,*

v.

DANIEL DEFENSE, LLC; DANIEL DEFENSE, INC.; OASIS OUTBACK, LLC; and DOES 1 – 300.

     *Defendants.*

<u>DEFENDANT OASIS OUTBACK, LLC'S MOTION TO DISMISS UNDER FED. R.
CIV. P. 12(B)(1) AND JOINDER IN DKT. 20</u>

This lawsuit arises from the criminal shooting at Robb Elementary in May 2022 perpetrated by an 18-year-old (the "Shooter" or "Purchaser"). Oasis Outback, LLC ("Oasis") is a local sporting goods store that also serves as a firearms dealer to complete online purchases made directly from gun manufacturers. Plaintiffs are victims of the Shooter's crimes.

Plaintiffs have suffered unspeakable trauma. They are entitled to and deserve empathy for the awful events of that tragic day. Given the other cases pending before this Court arising from that tragedy, it is well-suited to oversee this case. But first the Court must have jurisdiction; if it does not, any order entered in the case is void. *Shirley v. Maxicare Tex., Inc.*, 921 F.2d 565, 568 (5th Cir. 1991) ("[u]nless a federal court possesses subject matter jurisdiction over a dispute . . . any order it makes (other than an order of dismissal or remand) is void."). Here, Plaintiffs cannot maintain this lawsuit against Oasis because the Court lacks subject matter jurisdiction for the reasons explained more fully at Docket 20.

Oasis adopts the arguments and evidence set forth in Docket 20 and incorporates it fully herein by reference.

WHEREFORE, Defendant Oasis Outback LLC respectfully requests the Court dismiss Plaintiffs' lawsuit, in its entirety, for lack of subject matter jurisdiction. In the event the Court disagrees and concludes it has subject matter jurisdiction, Oasis asks the Court to dismiss based on its arguments set forth in Docket 30, which is Oasis' Motion to Dismiss under Rule 12(B)(6).

3

Respectfully submitted,

GRAY REED

/s/ A.M. "Andy" Landry, III

_____
A.M. "Andy" Landry III
State Bar No. 11868750
J.J. Hardig, Jr.
State Bar No. 24010090
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000 (Telephone)
(713) 986-7100 (Fax)
Email: alandry@grayreed.com
Email: jhardig@grayreed.com

-and-

JEFFERSON CANO

/s/ Lamont A. Jefferson

_____
Lamont A. Jefferson
State Bar No. 10607800
Emma Cano
State Bar No. 24036321
122 E. Pecan St., Suite 1650
San Antonio, Texas 78205
(210) 988-1808 (Telephone)
(210) 988-1808 (Fax)
Email: ljefferson@jeffersoncano.com
Email: ecano@jeffersoncano.com

**ATTORNEYS FOR DEFENDANT
OASIS OUTBACK, LLC**

4887-6017-6257.3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically served upon all counsel of record through the CM/ECF system on this 21st day of September, 2023.

_s/ A.M. "Andy" Landry, III_
A.M. "Andy" Landry, III

4887-6017-6257.3