FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

SEP 2 7 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| JASMINE C., et al.,<br>Plaintiffs, | § <br> § <br> § | |
| v. | § <br> § | CIV NO. DR-23-CV-14-AM |
| DANIEL DEFENSE, LLC, et al.,<br>Defendants. | § <br> § <br> § <br> § | |

## ORDER

Pending before the Court are the following motions to dismiss: (1) Defendant Daniel Defense, LLC f/k/a Daniel Defense, Inc.'s Amended Motion to Dismiss [ECF No. 20]; (2) Defendant Oasis Outback, LLC's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) [ECF No. 30]; and (3) Defendant Oasis Outback, LLC's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) [ECF No. 40]. As explained below, the Court **GRANTS** the Rule 12(b)(1) motions to dismiss.

## I. BACKGROUND

On May 16, 2022, Salvador Ramos ("Ramos") turned eighteen years old. He immediately purchased weapons and ammunition manufactured by Defendant Daniel Defense, LLC ("Daniel Defense") and arranged delivery at Defendant Oasis Outback, LLC ("Oasis Outback"). In the following days, Ramos made three visits to Oasis Outback and acquired $3,000 worth of guns and ammunition, including two AR-style rifles.

According to one of the patrons, Ramos dressed in all black, acted "unusual and nervous," and looked "like one of those school shooters." Unfortunately, he was. On May 22, 2022, Ramos, with guns and ammunition from Daniel Defense and Oasis Outback, shot and murdered nineteen

children and two teachers, and injured at least seventeen others at Robb Elementary School in Uvalde, Texas.

The Plaintiffs in this suit are survivors: students and parents who witnessed the massacre secondhand, and teachers and school support staff who not only lived through the tragic day but also courageously stepped in to facilitate the students' reunion with their families. They initially filed this suit against Daniel Defense and Oasis Outback in the Austin Division, bringing state law claims of negligence. After Daniel Defense challenged subject matter jurisdiction [ECF No. 11], the Plaintiffs filed an amended complaint in an attempt to cure the jurisdictional defect by reframing the case as a class/mass action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) [ECF No. 14]. The presiding judge in the Austin Division then denied the pending motion to dismiss as moot and transferred the case to the Del Rio Division. (ECF Nos. 18, 19.) The presiding judge also transferred a related 42 U.S.C. § 1983 class/mass action brought by the Plaintiffs. *See Crystal P. v. City of Uvalde*, DR-23-CV-15.

After the case was transferred, Daniel Defense filed a new motion to dismiss the amended complaint based on lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 20.) Oasis Outback, in turn, filed a motion to dismiss under Rule 12(b)(6), arguing that the Plaintiffs failed to allege sufficient facts to state a claim for which relief can be granted. (ECF No. 30.) Oasis Outback then filed a motion to dismiss under Rule 12(b)(1) as well, asking to adopt Daniel Defense's arguments in its Rule 12(b)(1) motion to dismiss. (ECF No. 40.)

Notably, in their response to Daniel Defense's motion to dismiss, the Plaintiffs implicitly acknowledge there is no subject matter jurisdiction. (*See* ECF No. 23.) Nonetheless, they ask the Court to abate the motions to dismiss so that they can add the same state law claims against Daniel

Defense and Oasis Outback in a second amended complaint in the companion case, DR-23-CV-15. The effect would essentially be a consolidation of this case with the companion case, where the Court can exercise supplemental jurisdiction over these state law claims. Once the cases are combined, the Plaintiffs assure the Court that they will file a motion to dismiss this case in its entirety, without prejudice.

Unpersuaded by the Plaintiffs' attempts to manipulate jurisdiction, the Court will not abate the motions to dismiss. Instead, the Court hereby **GRANTS** the Defendants' Rule 12(b)(1) motions for lack of subject matter jurisdiction. Because dismissal is warranted under Rule 12(b)(1), the Court need not address the merits of Oasis Outback's Rule 12(b)(6) motion to dismiss.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation omitted). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In defending against a Rule 12(b)(1) motion, the Plaintiffs, as the parties asserting jurisdiction, bear the burden of proving that jurisdiction exists. *Id.* Courts assessing subject matter jurisdiction under Rule 12(b)(1) may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.*

## III. ANALYSIS

### A. Diversity of Citizenship

A federal district court has original jurisdiction over (1) "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; (2) civil actions between citizens of complete diversity when the amount of controversy exceeds $75,000, 28 U.S.C. § 1332(a); and (3) certain class and mass actions, 28 U.S.C. § 1332(d)(2).

In the original complaint, the Plaintiffs pleaded diversity under § 1332(a) as the basis for jurisdiction. (ECF No. 1 at 13.)  In a diversity suit, "diversity of citizenship must exist at the time the action is commenced." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  Complete diversity is obtained when "no party on one side [is] a citizen of the same State as any party on the other side." *Mas v. Perry*, 489 F.2d 1396, 1398-99 (5th Cir. 1974).

For a limited liability company, the citizenship is determined by the citizenship of all its members. *See Megalomedia Inc. v. Philadelphia Indem. Ins.*, No. 23-20570, 2024 WL 4258384, at *1 (5th Cir. Sep. 20, 2024); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Individuals, in turn, are citizens of their state of domicile. *Mas*, 489 F.2d at 1399. Although the place of residence is prima facie the domicile, a party's residence in a state alone does not establish citizenship. *See Hollinger v. Home State Mut. Ins.*, 654 F.3d 564, 571 (5th Cir. 2011); *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 798 (5th Cir. 2007).  Rather, "[c]itizenship requires '[r]esidence in fact'" and "the purpose to make the place of residence one's home." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Texas v. Florida*, 306 U.S. 398, 424 (1939)).

The Plaintiffs have not met their burden of proving diversity jurisdiction.  Importantly, at the pleading stage, a plaintiff *must plead* the citizenships of the parties "such that the existence of

complete diversity can be confirmed." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Surety Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999) and citing Fed. R. Civ. P. 8); *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992) (explaining that standing "must be supported . . . with the manner and degree of evidence required at the successive stage of the litigation"). "[A]n allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *J.A. Masters Invs. v. Beltramini*, No. 23-20292, 2024 WL 4115280, at *1 (5th Cir. Sep. 9, 2024) (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)).

The Plaintiffs do not allege the citizenships of the parties in their original complaint. They simply state that (1) each Plaintiff is a resident of Texas or resides in Uvalde, Texas [ECF No. 1 at 16-41], (2) Daniel Defense, LLC is "a Georgia limited liability company" [*Id.* at 10], and (3) Oasis Outback, LLC is "a Texas limited liability company" [ECF No. 1 at 43-44]. These allegations fall short of the pleading standard to establish the citizenship of individual parties. *See Beltramini*, 2024 WL 4115280, at *1; *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (a party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of a limited liability company involved in a litigation).

**B. The Amended Complaint**

The Plaintiffs' amended complaint does not cure the jurisdictional defect in the original complaint. 28 U.S.C. § 1653 and Rule 15(a) of the Federal Rules of Civil Procedure allow a party to amend defective allegations of jurisdiction. *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 224 (5th Cir. 2012). In other words, technical defects such as failing to specifically allege the citizenship of a party can be cured. *Whitmire*, 212 F.3d at 888. However, a plaintiff may only cure technically

inadequate allegations of jurisdiction and cannot retroactively create jurisdiction where it did not previously exist. *See Arena*, 669 F.3d at 224.

The Plaintiffs attempt to do just that. The Plaintiffs' amended complaint now relies on CAFA and seeks to add new plaintiffs to create jurisdiction based on a class/mass action. But a plaintiff may not amend a complaint to cure a lack of jurisdiction by adding a new plaintiff or a new claim. *In re Katrina Canal Breaches Litig.*, 342 F. App'x 928, 931 n.2 (5th Cir. 2009); *Whitmire*, 212 F.3d at 888.

### C. Leave to Amend

Allowing the Plaintiffs leave to amend yet again to allege the citizenship of the parties is not warranted. Amendment under § 1653 may be permitted when a "discretionary examination of the record as a whole establishes at least a substantial likelihood that jurisdiction exists." *Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 518 (5th Cir. 2015) (quoting *Nadler v. Am. Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985)); *see also Leigh v. Nat'l Aeronautics and Space Admin.*, 860 F.2d 652, 653 (5th Cir. 1988) (allowing amendment when "diversity jurisdiction was not questioned by the parties and there [was] no suggestion in the record that it [did] not in fact exist").

There is very little chance that diversity jurisdiction exists. The Plaintiffs are students, parents, teachers, and support staff of a public school in Uvalde, Texas. Therefore, it is highly probable that one, or even all, are citizens of the State of Texas. It is also undisputed that Oasis Outback, a Texas limited liability company, is a Texas citizen. Oasis Outback has two managing members – Briscoe Ranch, Inc. and WRK, Inc – both corporations. (ECF No. 20-1 at 2.) Under § 1332(c)(1), a corporation is a citizen of "'every State and foreign state' in which it (1) is incorporated, and (2) has its 'principal place of business.'" *Charter Commc'ns, Inc. v. Prewitt*

*Mgmt., Inc.*, No. 23-50419, 2024 WL 2044025, at *1 (5th Cir. May 8, 2024) (quoting §1332(c)(1)). Both Briscoe Ranch, Inc. and WRK, Inc. are incorporated in Texas.  (ECF Nos. 20-1, 20-2.) Because it is highly unlikely that the parties are diverse, amending to add additional allegations of citizenship is not warranted and dismissal is mandated.  *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.").

## IV.  CONCLUSION

For the foregoing reasons, the Defendants' Motions to Dismiss Under Rule 12(b)(1) [ECF Nos. 20, 40] are **GRANTED**.  Because the Court lacks subject matter jurisdiction to rule on the merits of the Plaintiffs' claims, it is hereby **ORDERED** that the claims against Defendants Oasis Outback and Daniel Defense are **DISMISSED WITHOUT PREJUDICE**.  Defendant Oasis Outback's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) [ECF No. 30] is **DENIED AS MOOT**.  It is further **ORDERED** that the Clerk of Court shall issue a clerk's judgment, terminating the present cause of action and any additional pending motions.

SIGNED and ENTERED on this 27th day of September 2024.

ALIA MOSES
Chief United States District Judge